[L. A. No. 745.   Department One.— March 22, 1901.]

## J. B. BLEDSOE et al., Respondents, v. GEORGE W. DECROW et al., Appellants.

ORDER GRANTING NEW TRIAL — INSUFFICIENCY OF EVIDENCE — DISCRE-
TION — REVIEW UPON APPEAL. — A motion for a new trial, on the
ground of insufficiency of the evidence to justify the decision, is ad-
dressed to the sound legal discretion of the court, and an order grant-
ing a new trial on that ground will not be disturbed upon appeal,
where there is no manifest abuse of discretion.

ID. — CONDITIONAL ORDER — UNWARRANTED CONDITIONS — VALIDITY OF
FINAL ORDER — UNTENABLE OBJECTION. — The fact that erroneous
and unwarranted conditions were attached to the order, and that a
new trial was to be denied if such conditions were complied
with, and if not, a new trial was to be granted for insufficiency of
the evidence, does not render the order granting a new trial for a
valid reason, void. Where the appellants made no attempt to comply
with the conditions, they are not in a position to object that the
order was void because the conditions were unwarranted.

ID. — ACTION TO DETERMINE WATER RIGHTS — DEFINITE SETTLEMENT OF
RIGHTS — IMPROPER CONDITIONS IN ORDER. — In an action to deter-
mine water rights between the parties, the findings should state
correctly the rights of the parties, and definitely settle them as
against each other; and it is improper for the court to impose con-
ditions to an order denying a new trial to the plaintiffs, that the
defendants should receive less water than the evidence shows they
are entitled to, otherwise the order would be one granting a new
trial to the plaintiffs.

ID. — RIGHTS OF PRIOR APPROPRIATORS — CONDUITS — BENEFICIAL USE —
WASTE OF WATER — POWER OF COURT AS TO SUBSEQUENT APPROPRI-
ATORS. — Prior appropriators of water for a useful purpose have the
right to conduct it through ditches, flumes, or pipes, or the natural
channel of a stream. If a portion of the water to which they are
entitled is wasted in ditches, they have a right to save it by pipes
or otherwise, and thus have the full benefit of all they own. If
they have appropriated more water than they can use for beneficial
purposes, or if they willfully waste it, the court has power to give
proper relief to subsequent appropriators; but the court has no
right to allow the subsequent appropriators to give to the prior ap-
propriators a certain number of inches in lieu of the amount to
which they have the right as prior appropriators.

NEW TRIAL — SPECIFICATIONS IN STATEMENT — INSUFFICIENCY OF EVIDENCE
— RESULT. — Specifications in a statement on motion for a new trial,
of the insufficiency of the evidence to justify the findings, are suffi-
cient, where they informed the opposite attorneys as to the respects
wherein the evidence is alleged to be insufficient, and result in
getting all of the evidence into the statement.

APPEAL from an order·of the Superior Court of San Ber-
nardino County granting a .new trial.    John L. Campbell,
Judge.

The facts are stated in the opinion.

Rolfe & Rolfe, and John Brown, Jr., for Appellants.

James Hutchings, and Bledsoe & Bledsoe, for Respondents.

COOPER, C. — This action was brought by plaintiffs for the
purpose of having it adjudged that they are the owners of the
right to take and divert, at the point described in the com-
plaint, the waters of the Mojave River to the extent of six
hundred inches, measured under a four-inch pressure, and
that defendants have no right, title, or interest to said six
hundred inches.

The defendants, by their different answers, claimed by prior
appropriation certain portions of the waters of said river.
The court filed findings of fact, upon which judgment was
entered for plaintiffs for the amount of water claimed, with
certain exceptions and reservations.    It was found that defend-
ants Julius E. Meyer, Jr., Henry Meyer, Charles Meyer, and
Julius Meyer, Sen., are the owners, as against the plaintiffs, of
the right to 175 inches of the waters of said river, to be taken
at the point designated in their answer.    This finding is not
attacked, and there is no appeal by plaintiffs as to said defend-
ants Meyer, and no appeal by them.

The court found that defendants Davidson, Bemis, and Lane
have a prior and superior right to divert, at the intake of their
ditch where it is now situated, 230 inches, measured under a
four-inch pressure;  that defendants Decrow and Van Horn
have a prior right to divert from said river, at the intake of
their ditch where it is now situated, 400 inches, measured
under a four-inch pressure.    The plaintiffs made a motion for
a new trial as to said defendants Davidson, Bemis, Lane,
Decrow, and Van Horn, upon the ground, among others, of
insufficiency of the evidence to justify the decision.

The motion was granted, and this appeal is from the said
order.    The rule is well settled that a motion for a new trial
on the ground of the insufficiency of the evidence to justify the
verdict, or other decision, is addressed to the sound legal dis-
cretion of the court, and that an order granting a new trial on

this ground will not be reversed on appeal, unless it appears that there was a manifest abuse of such discretion. (*Bjorman* v. *Fort Bragg Redwood Co.*, 92 Cal. 501, and cases cited.) We cannot say there was such abuse of discretion in this case. The case was one of great importance. The credibility of the witnesses, the expert testimony applied to the locality, the surroundings, and local influences, were all matters upon which the judge of the court below was much more competent to pass than we could be, from a mere examination of the record.

In the order the court inserted certain conditions, and provided that in case defendants complied with the conditions named in the order, the motion would be denied. It is claimed that the court had no right to insert the conditions,—that they were not justified in law, and that the order, for this reason, was void. To this view we cannot accede. The plaintiffs made the motion for a new trial upon the reasons therein stated, and if the motion was granted for any valid reason, it would not become void because certain conditions not warranted in law were stated as terms upon which defendants could avoid the order. The appellants made no attempt to comply with the conditions, and hence are not in a position to claim the order was void on account of such conditions. But as the case will have to be retried, it may be well to express our views as to the conditional order. The order provided that if defendants Decrow and Van Horn would stipulate or consent that plaintiffs take judgment that they are entitled to the prior right to perpetually divert from the river at any point above plaintiffs' land the full flow thereof to the extent of 1,150 inches, provided they perpetually deliver to said defendants Decrow and Van Horn, free of charge to them, the full amount of 90 inches of water at a certain point where there is now a measuring-box on said Decrow and Snodderly ditch, but that plaintiffs shall have eighteen months after the entry of such judgment in which to construct conduits through which to deliver said 90 inches of water; that in case defendants should so consent to take said 90 inches instead of 400 inches, then and in that case the new trial would be denied.

As against the defendants Davidson, Lane, and Bemis, the order provided that in place of the 230 inches continuous flow given them by the judgment they might stipulate to take 1,150 inches for the first three days of every fifteen days, commencing March 1, 1899, provided they at all times should

allow to flow down the river sufficient water to enable plaintiff
to deliver 90 inches at the measuring-box of defendants De-
crow and Van Horn. If the stipulation should be made as
above set forth, then the order would be made denying a new
trial as to Decrow and Van Horn.

We do not think the court had the right to have plaintiffs
give defendants, or either of them, less water than the evi-
dence shows they are entitled to. The court may have been
correctly of the opinion that in taking the water from the
river, and conducting it through open ditches, a large part of
it was wasted by evaporation, or percolation through the
lands over which the ditches run, and that 90 inches furnished
Decrow and Van Horn would be fully as much as would
ultimately reach their lands through the ditch. It may have
correctly concluded that defendants Davidson, Bemis, and
Lane would be benefited more by using 1,150 inches the first
three days in every fifteen than by a continuous use of 230
inches. But it is not for the court to prescribe such condi-
tions. The findings should state correctly the rights of de-
fendants; and if they are the owners of part of the waters of
the Mojave River by prior appropriation, the finding should
show the correct number of inches so appropriated. The
rights of the parties, as against each other, should be definitely
settled. In a partition suit the court might be convinced
that it would be best for one of the parties to give him a defi-
nite rental, either in money or part of the crops, but the
court could not do this in lieu of the rights of the party to his
land. In this case, if the defendants waste water in conduct-
ing it through their ditches, it may be that by pipes or other-
wise they can hereafter save it, and thus have the full benefit
of all they own. The appropriation must be for some useful
or beneficial purpose. It may be conducted through ditches,
flumes, or pipes. It may even.be turned into the channel of
another stream, mingled with its waters, and then reclaimed, so
long as the amount of water appropriated by another is not
diminished. If defendants have appropriated more water
than they use for beneficial purposes, or if they willfully
waste it, the court has power to give proper relief, but to allow
the plaintiffs to give to defendants a certain number of inches
in lieu of the amount they have the right to as prior appro-
priators, would be to introduce a new rule as to water rights
in this state.

The specifications as to the insufficiency of the evidence to justify the findings resulted in getting all the evidence in the record. Counsel for appellant, in their brief, say: "They also specify that the evidence was insufficient to justify the finding of fact as to the appropriation of water by the defendants in 1879 and the quantity and continuance thereof, and the location of ditches and the intake thereof."

The specification seems to have informed defendants' attorneys as to the respects wherein the evidence was alleged to be insufficient.

We advise that the order be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.          Van Dyke, J., Garoutte, J., Harrison, J.