[Civ. No. 920.    Second Appellate District.—March 24, 1911.]

THOMAS F. WALKER and FRANCES WALKER, Appellants, v. BEAUMONT LAND AND WATER COMPANY, a Corporation, Respondent.

CARRIER OF PASSENGERS — INJURY TO PASSENGER — PRESUMED NEGLIGENCE—BURDEN OF PROOF.—In an action by a passenger for damages on account of personal injuries alleged to have been occasioned through the negligence of the carrier of passengers, the presumption of negligence which attaches to the carrier when a passenger is injured by the use of the instrumentalities employed by the carrier and under its care requires the carrier to prove that the injury was without negligence on its part, and that the damage was occasioned by inevitable casualty, or by some cause which human foresight could not prevent.

ID.—STAGE-COACH OVERTURNED—VERDICT FOR PLAINTIFF—EVIDENCE—FRIGHT OF TEAM—ORDER GRANTING NEW TRIAL—DISCRETION NOT ABUSED.—Where plaintiff was injured by the overturning of a stage-coach in which he was a passenger, and, after verdict for plaintiff, the court granted to the defendant a new trial, its order cannot be said to be an abuse of discretion, where there is evidence in the record tending to prove that the accident was occasioned by the stage-coach team becoming frightened and unmanageable, in view of a loose horse running in the highway; that the team used by the carrier was otherwise safe and gentle; that the driver was competent, experienced and careful, and did all a prudent man could do to avert the accident, and that the vehicle used was fit and proper for the purposes intended.

ID.—PROVINCE OF COURT IN GRANTING NEW TRIAL.—The court having heard the evidence, and having had ample opportunity to judge as to the demeanor, manner and credibility of the witnesses, may, if he is dissatisfied with the verdict, and is of opinion that it is clearly against the weight of the evidence, set it aside and grant a new trial, even though there be a substantial conflict in the evidence.

ID.—WIDE DISCRETION OF TRIAL JUDGE—ACTION WARRANTED.—A wide discretion reposes in the trial judge to grant a new trial for insufficiency of the evidence to sustain the verdict, and except an abuse thereof is apparent, his order will not be disturbed. It is held, from an examination of the entire record upon the appeal, that he was fully warranted in his conclusion as to the order made, and it must be affirmed.

APPEAL from an order of the Superior Court of Riverside County granting a new trial.    F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

Jones & Drake, and E. B. Drake, for Appellants.

Byron Waters, for Respondent.

ALLEN, P. J.—The action was one by a passenger for damages on account of personal injuries alleged to have been occasioned through the negligence of a common carrier. Upon the trial a verdict resulted in plaintiffs' favor, and the trial court, upon a motion duly made, set aside such verdict and granted a new trial, from which order plaintiffs appeal.

The presumption of negligence which attaches when a passenger is injured through the use of instrumentalities employed by the carrier and under his care, requires the defendant to prove that the injury was without negligence on defendant's part, and that the damage or injury has been occasioned by inevitable casualty or by some cause which human foresight could not prevent. (*Kline* v. *Santa Barbara etc. Ry. Co.,* 150 Cal. 745, [90 Pac. 125].) Defendant undertook to perform this duty, and evidence is in the record tending to show that the accident was occasioned by the team, which was drawing the coach in which plaintiff was a passenger, becoming frightened at a loose horse in the highway and, becoming unmanageable, the coach was upset and the injury resulted. There was evidence further tending to show that the team used by defendant was safe and gentle, the driver competent, experienced and careful, and the vehicle used fit and proper for the purposes intended. Further, that the driver did all a prudent and careful man would or could do to avert the accident. The trial court, in an opinion delivered in connection with the order appealed from, and which is set out in respondent's points and authorities, states as his conclusion that these facts were established and no negligence upon defendant's part was shown. It is said in *Bates* v. *Howard,* 105 Cal. 178, [38 Pac. 715]: "The court having heard the evidence, and having had ample opportunity to judge as to the demeanor, manner and credibility of the witnesses, may, if he is dissatisfied with the verdict, and is of opinion that it is clearly against the weight of evidence, set it aside and grant a new trial." This he may do, even

though there be a substantial conflict in the evidence. A wide discretion reposes in the trial judge in such matters and, except an abuse is apparent, his judgment will not be disturbed. An examination of the entire record presented upon this appeal convinces us that the trial judge was fully warranted in his conclusion, and his judgment should be affirmed. It is so ordered.

James, J., and Shaw, J., concurred.