[Civ. No. 1285.  Second Appellate District.—March 12, 1913.]

## LEWIS W. BALL, Respondent, v. AMERICAN TRANS-FER COMPANY (a Corporation), et al., Appellants.

CARRIER—INJURY TO PASSENGER IN HOTEL BUS WHERE WHEEL RUNS OFF.—In an action for damages by a passenger in a hotel bus, who was injured by one of the wheels of the vehicle running off, the action of the trial court in granting him a new trial will not be disturbed on appeal, if it cannot be said as a matter of law that no negligence was shown to have been committed by the carrier through which the accident occurred.

ID.—NEW TRIAL—INSUFFICIENCY OF EVIDENCE—DISCRETION OF COURT.—A motion for a new trial for insufficiency of the evidence to justify the verdict or other decision is addressed to the discretion of the court, and the granting of a new trial on this ground will not be reversed on appeal unless there was a manifest abuse of discretion.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial.  Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

F. M. Fowler, and R. C. Gortner, for Appellants.

Munson T. Case, and Lynn Helm, for Respondent.

JAMES, J.—Plaintiff brought this action to recover from defendants damages alleged to have been caused to him by their negligent acts.  The trial was had before a jury, and after a verdict was returned in favor of defendants the trial court granted a motion for a new trial.  From that order this appeal was taken.

The evidence showed that in the month of May, 1910, defendants were engaged as common carriers in operating a bus between railroad depots and hotels in the city of Los Angeles; that plaintiff upon his arrival at what is called the Arcade Station took passage in the bus of defendants which delivered him at an up-town hotel; that while en route between the depot and hotel the rear left wheel of the vehicle came off and plaintiff was shaken and injured so that he was confined

at a hospital for a number of weeks thereafter. The driver of the vehicle testified that he had charge of the oiling of the bus and that he oiled it twice a week, Mondays and Saturdays; that he had oiled it on the Thursday preceding the Saturday when the accident occurred, as usual, and had put the nuts back and tightened them up at that time and had noticed nothing the matter with them; that after replacing the wheel at the time of the accident he screwed the nut or burr back into place and drove on without further mishap. The general manager of one of the defendants testified that it was the habit of his men to inspect vehicles twice a week, and grease them, and that they were watched very carefully as to that matter; he further testified that he had examined the particular thread and nut belonging to the axle from which the wheel came off at the time of the accident complained of, and that there was no defect in the same noticeable; that the nut was not broken and the threads were in good order. One of the grounds urged by plaintiff in his motion for a new trial was the insufficiency of the evidence to sustain the verdict of the jury, and the court made a general order granting the motion, which order recited that it was made upon the grounds stated in the notice of intention on file. It was the duty of the trial judge, in ruling upon the motion, to examine the evidence and, it must be made to appear that he abused his discretion in determining that the verdict of the jury was not sustained thereby, or the order appealed from must be affirmed. In the case of *Bledsoe* v. *Decrow*, 132 Cal. 312, [64 Pac. 397], it is said: "The rule is well settled that a motion for a new trial on the ground of the insufficiency of the evidence to justify the verdict, or other decision, is addressed to the sound legal discretion of the court, and that an order granting a new trial on this ground will not be reversed on appeal, unless it appears that there was a manifest abuse of such discretion." Other decisions of the same court reaffirm this rule, and it is so well settled as a matter of practice as to make further citation here unnecessary. Section 2100 of the Civil Code, prescribes the measure of care required to be exercised by a common carrier of persons. It is there provided that "A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for

that purpose, and must exercise to that end a reasonable degree of skill.'' Unless it appears free from all question of doubt that but one conclusion can be drawn from the evidence heard by the jury, and that conclusion be in favor of defendants on the issue as to their negligence, then the trial judge acted clearly within the limits of the discretion vested in him in granting to plaintiff a new trial. From our examination of the evidence, we are of the opinion that it cannot be said as a matter of law that no negligent act was shown to have been committed by the defendants through which the accident occurred which caused plaintiff's injuries. From all of the evidence, as a reasonable and fair inference to be drawn, it would appear that the persons in charge of the vehicle had failed to tighten the nut on the axle sufficiently. It was even proved on the part of the defendants that both the nut and the threads were in good order and condition, and this proof strengthened the case as presented by plaintiff's testimony. While we do not agree with respondent's contention that under the evidence, as a matter of law, the only question left for the jury to determine was the amount of plaintiff's damage, we are entirely satisfied that the trial court was warranted in ordering a retrial of the issues.

The order is affirmed.

Allen, P. J., and Shaw, J., concurred.