[Civ. No. 2152. First Appellate District.—September 18, 1917.]

A. M. DE VALL, Appellant and Respondent, v. E. B. PERRIN, Appellant and Respondent.

NEW TRIAL—INSUFFICIENCY OF EVIDENCE—DISCRETION.—The trial court has the power to set aside a verdict and grant a new trial, in whole or in part, in every case where in its judgment the evidence is insufficient, and its action in so doing will not be reviewed upon appeal save in cases showing a clear abuse of such discretion.

ID. — APPEAL — REVIEW OF ORDER GRANTING NEW TRIAL — OPINION OF TRIAL COURT.—Upon an appeal from an order granting a new trial,

the opinion of the trial court in granting the motion, adverting to certain specific matters as not within the proper purview of the jury in arriving at their general verdict, cannot be considered as a limitation upon the powers of the appellate court in reviewing the order, where the entire opinion showed that the judge deemed the evidence insufficient to support the verdict.

ID. — ACTION FOR LEGAL SERVICES — AMOUNT AND VALUE OF SERVICES — CONFLICT OF EVIDENCE—ORDER GRANTING NEW TRIAL—AFFIRMANCE ON APPEAL.—Upon an appeal from an order granting a new trial in an action on assigned claims for the reasonable value of legal services, the order will not be disturbed where the evidence as to the amount and value of the services is in sharp and substantial conflict.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order granting a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Jacob M. Blake, John R. Tyrrell, and Crittenden Thornton, for Appellant A. M. De Vall.

Randolph V. Whiting, for Respondent E. B. Perrin.

RICHARDS, J.—These are two appeals—one from a judgment for the plaintiff entered upon a verdict of a jury in his favor for the sum of twenty thousand dollars; the other an appeal by said plaintiff from an order granting the defendant's motion for a new trial.

The action was instituted by the plaintiff as the assignee of two claims for legal services alleged to have been rendered to the defendant by his assignors, the first being a claim for such services by Barclay Henley, alleged to have been reasonably worth the sum of fifty thousand dollars, upon which payments aggregating seven thousand dollars were alleged to have been made; the second consisting of a claim for like services on the part of J. E. Harper for fifty thousand dollars, upon which no payments were alleged to have been made.

Upon the trial the undisputed evidence showed that upon the first of these claims payments aggregating the sum of $3,270, and upon the second the sum of $3,690, had been made. The jury returned a general verdict upon the first of these claims for the sum of fifteen thousand dollars, and

upon the second for the sum of five thousand dollars. A motion for a new trial was made upon all statutory grounds, upon the submission of which the court rendered a written opinion reviewing the evidence in the case, and thereupon made an order "that unless the plaintiff within twenty days from the date of the entry of this order consents to deduct from the amount of the verdict and judgment herein in favor of plaintiff's assignor Henley for fifteen thousand dollars, the sum of $8,270, and from the amount of five thousand dollars, the verdict awarded the plaintiff's assignor Harper, the sum of $3,690, making a total deduction of $11,960, the defendant's motion for a new trial will be granted; if such stipulation is entered within the time prescribed an order will be entered denying the defendant's motion for a new trial." The consent and stipulation required by this order not having been given or entered within said time, it was ordered "that the defendant's motion be and the same is hereby granted."

The appeal from the order granting the defendant's motion for a new trial will be first reviewed.

On the part of the appellant from that order it is first contended that under the terms of the orders made by the trial court in disposing of the motion for a new trial the only ground of said motion which can be considered or reviewed by this court is that the verdict was excessive because of the insufficiency of the evidence to support it; and that as to all other grounds of said motion it must be deemed to have been denied.

We do not deem it essential, however, to pursue this contention through the argument or authorities urged in its support, for the reason that the chief reliance of the respondent upon this appeal is that there was a substantial conflict in the evidence as to the value of the services rendered by each of the assignors of the plaintiff, and that in view of such conflict the trial court had a right to exercise its discretion in granting or refusing a new trial; and that this court will not interfere with the exercise of such discretion in the absence of any sufficient showing that it has been abused.

The appellant, however, insists that the trial court has no such discretion in dealing with the verdict of a jury in cases of this character; and that in attempting to exercise it the trial court has arbitrarily usurped the function of the jury

in this case, and has thereby nullified the plaintiff's right to a trial by jury. The only authority cited in support of such a doctrine is the case of *Head* v. *Hargrave*, 105 U. S. 45, [26 L. Ed. 1028], which far from supporting does not even hint at such a rule of law. On the other hand, the language of the code is explicit, and the authorities are abundant to the effect that the trial court has the power to set aside a verdict and grant a new trial, in whole or in part, in every case where in its judgment the evidence is insufficient, and that its action in so doing will not be reviewed upon appeal save in cases showing a clear abuse of such discretion. (Code Civ. Proc., sec. 657; *Domico* v. *Casassa*, 101 Cal. 412, [35 Pac. 1024]; *Gordon* v. *Roberts*, 162 Cal. 508, [123 Pac. 288]; *Estate of Everts*, 163 Cal. 452, [125 Pac. 1058]; *Meinberg* v. *Jordan*, 29 Cal. App. 761, [157 Pac. 1005, 1007].)

The appellant, in this connection, however, presents the further contention that the trial court, as the predicate for its first order, filed a written opinion, reviewing elaborately the evidence in the case, and specifying certain deductions which in its judgment should be made from the gross amount of the verdict in the case of the Henley claim; and counsel for the appellant insists that this court is confined to a consideration of the merits of the reasoning and conclusions of the trial court in respect of these specific matters.

Ordinarily the opinion of the trial court rendered upon ordering judgment or upon granting or refusing a motion for a new trial is no proper part of the record on appeal, and thus when made so is not to be regarded as in any respect limiting the consideration by this court of any matter which would be the proper subject of review under the terms of the judgment and order itself; nevertheless, since counsel for both parties have seen fit to certify to this court a record which embraces the full text of such opinion, and since both have referred to it as having some bearing on the scope and effect of the orders under review on this appeal, we have examined the court's opinion only to find that while it is true that the trial court did advert to certain specific matters as not within the proper purview of the jury in arriving at their general verdict, the court also generally reviewed the evidence offered in support of the Henley claim, and commented upon the same as ''extravagant'' and as ''varying and irreconcilable'' to an extent which would justify his con-

clusion that the verdict of the jury based thereon was excessive. It is clear that in the light of those animadversions and conclusions of the trial judge as to the insufficiency of the evidence in general to support the verdict, the views expressed in its opinion as to whether other specified defects in the evidence, whether right or wrong, cannot be considered as a limitation upon the powers of this court in its review of the orders granting the new trial. It may therefore be disregarded in determining the only question practically which is before us on this appeal, namely, whether from a reading of the entire evidence in the case it can be said that the trial court abused its discretion in granting the defendant's motion for a new trial.

Upon such review we find that the evidence educed upon either phase of the case, involving both the amount and the value of the services rendered by the assignors of the plaintiff to the defendant, is in sharp and substantial conflict. This being so, neither of the two orders of the trial court relating to the granting of the motion for a new trial will be disturbed upon appeal.

This conclusion obviates the necessity of a consideration of the questions discussed on the appeal from the judgment, which has already been set aside as the result of the orders upheld upon the appeal from the order granting a new trial.

Judgment reversed. Order granting the motion for a new trial affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 15, 1917.