[Civ. No. 4452.  First Appellate District, Division Two.—August 16, 1923.]

THOMAS OSBORNE WRIGHT, a Minor, etc., Respondent, v. SALZBERGER & SON, etc., et al., Appellants.

[Civ. No. 4453.  First Appellate District, Division Two.—August 16, 1923.]

JOSEPH S. WRIGHT, Respondent, v. SALZBERGER & SON, etc., et al., Appellants.

[1] NEW TRIAL—PARTY ENTITLED TO JUDGMENT AS MATTER OF LAW—DISCRETION.—When the record presents a situation where the defendant is entitled to a judgment in his favor as a matter of law and not upon questions of fact, then there is no room for the exercise of discretion by the trial court in granting plaintiff a new trial.

[2] NEGLIGENCE — PERSONAL INJURIES SUSTAINED BY MINOR—DAMAGES—NEW TRIAL—ORDER GRANTING—CONFLICT IN EVIDENCE—APPEAL.—In an action for damages sustained by reason of personal injuries to a minor, the granting of a motion for a new trial in favor of plaintiff on the ground, among others, of the insufficiency of the evidence, will not be interfered with upon appeal, where a conflict exists in the evidence with regard to the material facts surrounding the accident.

[3] ID.—"COASTING" UPON STREETS—ALLEGED VIOLATION OF ORDINANCE—PROXIMATE CAUSE—QUESTIONS OF FACT.—In an action for damages for injuries to a minor who at the time of his injury was "coasting" upon the streets, the question whether or not such "coasting" was in violation of a city ordinance that "Coasting on public highways is prohibited when dangerous," and if a violation, whether such violation was the proximate cause of the injury, is a question of fact, dependent for its solution upon all the surrounding circumstances and which must be passed upon by the jury under proper instructions from the court.

APPEALS from orders of the Superior Court of Alameda County granting new trials. A. F. St. Sure, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. M. Abbott, K. W. Cannon and J. E. Reardon for Appellants.

Ostrander & Carey for Respondent.

LANGDON, P. J.—The record in this matter presents two consolidated appeals. Two actions were brought against defendants, one by Thomas Osborne Wright, a minor, suing by his guardian *ad litem,* and the other by Joseph S. Wright, the father of said minor, for medical and hospital expenses incurred by him in treating the injuries sustained by his minor son. After a trial before a jury, a verdict in each case was rendered in favor of defendants. A motion for a new trial was made, thereafter, by the plaintiff in each case. These motions were granted and orders granting new trials were made as follows: "It is by the court ordered that said motion for new trial herein be and the same is hereby granted on the ground of the insufficiency of the evidence to sustain the verdict herein and on the other grounds as set forth in said plaintiff's notice of intention to move for a new trial on file herein."

Appellants concede the well-recognized rule that a motion for a new trial is addressed to the sound, legal discretion of the trial judge and is not to be reversed upon appeal unless an abuse of discretion exists. However, this case is sought to be removed from the operation of that rule by the argument that the discretion of the trial court in granting a new trial is to be exercised upon the facts of the case and that when the record presents a situation where the defendant is entitled to a judgment in his favor as a matter of law and not upon questions of fact, then there is no room for the exercise of discretion by the trial court.

[1] Appellants' proposition is a correct statement of the law. If it be true, as a matter of law, that no judgment could be rendered against the defendants under the facts in evidence, and they are entitled to a directed verdict, then, obviously, the motions for new trials after judgments for the defendants should have been denied. [2] But we do not think the record presents such a question of law. Regardless of what we may think of the weight of the evidence, it is apparent from a reading of the transcript of testimony that a conflict exists therein with regard to the material facts surrounding the accident—such facts as the portion of the street upon which the boys were riding in the "coaster" when it was struck by defendants' automobile; the visibility

of objects upon the street and similar matters. Under such circumstances the granting of a motion for a new trial will not be interfered with upon appeal. (*Domico* v. *Casassa,* 101 Cal. 411 [35 Pac. 1024]; *De Vall* v. *Perrin,* 34 Cal. App. 676 [168 Pac. 584]; *Walker* v. *Beaumont Land etc. Co.,* 15 Cal. App. 726 [115 Pac. 766].)

[3] Appellants also make the point that the evidence shows that the plaintiff who was injured was, at the time of his injury, "coasting" upon the streets of the city of Berkeley, in violation of a municipal ordinance. There can be no question about the fact that in this state violation of an ordinance constitutes negligence *per se* and will bar recovery if the proximate cause of an injury, and were it conclusive from the record that the plaintiff Thomas Osborne Wright, at the time of the accident, was violating an ordinance and that such violation was the proximate cause of the injury, the judgments should have been for the defendants as a matter of law and the motions for new trials should have been denied. But we do not think the record presents such a situation. The ordinance relied upon is section 44 of Ordinance No. 448, New Series, city of Berkeley, which reads as follows: "Coasting on public highways is prohibited when dangerous." This ordinance is so vague in its terms that the question of its violation merely presents another question of fact, dependent for its solution upon all the surrounding circumstances and which, necessarily, must be passed upon by the jury under proper instructions from the court, as must also the question of proximate cause. Whether Thomas Osborne Wright was guilty of violation of this ordinance would depend upon the nature of the grade, the speed at which he was traveling, the amount of traffic, the amount of light and many other elements. Upon these questions of fact there was also conflicting evidence in the record and the trial court had the right to take that into consideration in passing upon the motion for a new trial.

This appeal merely presents a case where the trial court has exercised a discretion vested in it and with the exercise of such discretion we are neither empowered nor disposed to interfere.

The orders appealed from are affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 15, 1923.

All the Justices concurred.