[Civ. No. 4238.   Second Appellate District, Division One.—April 5, 1924.]

## E. A. BRININSTOOL et al., Respondents, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE — ACTION FOR DAMAGES — CONFLICTING EVIDENCE — NEW TRIAL—DISCRETION—APPEAL.—In an action by a husband and wife to recover damages for personal injuries alleged to have been suffered by the plaintiff wife in attempting to board an electric street-car belonging to and operated by defendant, where there is a sharp conflict between the evidence offered on behalf of plaintiffs and that given for the defendant, upon the vital issue in the case as to whether the car from which the plaintiff wife was thrown had come to a full stop or was moving at the time she attempted to board it, the question of granting or refusing a new trial upon the ground of the insufficiency of the evidence to sustain the verdict, rests so fully in the discretion of the trial court that its action is conclusive on the appellate court, unless it appears that there has been an abuse of discretion.

[2] ID.—SUFFICIENCY OF EVIDENCE TO SUPPORT DIFFERENT JUDGMENT—NEW TRIAL—APPEAL.—In such action, where the testimony of the plaintiff wife and another lady who accompanied her and who attempted to board defendant's street-car at the same time, corroborated by other witnesses for the plaintiffs, would without question have sustained a verdict in favor of the plaintiffs, the order granting plaintiffs' motion for a new trial upon the ground that the evidence was insufficient to sustain the judgment in favor of defendant was conclusive on the appellate court.

---

(1) 4 **C. J.**, p. 834, sec. 2816.   (2) 4 **C. J.**, pp. 833, 834, sec. 2816.

1. See 20 **R. C. L.** 226, 277.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank Karr, R. C. Gortner and W. R. Millar for Appellant.

Jones, Wilson & Stephenson for Respondents.

CURTIS, J.—This action was instituted to recover damages against the defendant for injuries alleged to have been sustained by the plaintiff, Estelle O. Brininstool, in attempting to board an electric street-car belonging to and operated by the defendant in the city of Los Angeles. The case was tried before a jury, who rendered a verdict in favor of the defendant. Plaintiffs moved for a new trial upon all the grounds set forth in section 657 of the Code of Civil Procedure, except subdivision 5 thereof. The court granted the motion upon the ground that the evidence was insufficient to sustain the verdict. From this order the defendant has appealed and now contends that the trial court was guilty of an abuse of discretion in granting this motion.

In the complaint it is alleged that while the defendant's car was at a standstill at the usual stopping place for taking on and letting off passengers, at the corner of Hill and Fifth Streets in the city of Los Angeles, the plaintiff, Estelle O. Brininstool, undertook to board said car for the purpose of becoming a passenger thereon, and that when she was on the lower step of said car, on her way into said car, the defendant negligently, carelessly, and suddenly started said car forward with a lurch and she was thrown thereby from said car upon the paved street below. This allegation is denied by the defendant and upon the decision of this issue thereby made hinges the final determination of this controversy.

In support of this allegation of the complaint plaintiffs produced four witnesses, including the said Estelle O. Brininstool, all of whom testified in substance that the car of defendant had come to a full stop before the said Estelle O. Brininstool attempted to board it, and that after she was

on the lower step of the car, it suddenly started up and she was thrown to the pavement. Mrs. Brininstool testified that she and Mrs. Frazier were at the northwest corner. of Hill and Fifth Streets waiting for the car; that the car approached the intersection of these two streets on Hill Street from the north; that it first stopped a short distance north of the usual stopping place at said street intersection, on account of another car which was directly in front of it. When this second car passed down the street, the car for which the witness was waiting slowly approached the regular stopping place and came to a standstill, and the witness and Mrs. Frazier both stepped upon the first or lower step of the car for the purpose of boarding it and going to their homes. Almost immediately upon their stepping upon this first step, the car started with a jerk, throwing Mrs. Frazier to the street first and then the witness. Mrs. Brininstool was corroborated in her testimony by Mrs. Frazier, whose statement of the affair agreed in all essential particulars with that of Mrs. Brininstool. Another · witness, Isadora Gralla, a newsboy selling papers at this corner, testified that he saw the car come to a standstill and the ladies attempt to board it. After they got on to the lower step of the car he turned around to sell papers, and the next thing he saw was Mrs. Frazier falling off of the car about fifteen feet from the point where they started to board the car, and in about fifteen feet more Mrs. Brininstool fell off. The other of the four witnesses who testified in favor of plaintiffs, was Mrs. Moffatt. She stated that she attended a meeting with Mrs. Brininstool and Mrs. Frazier the afternoon of the accident: that she went with them to the corner of Fifth and Hill Streets, where they were to take the car; that Mrs. Brininstool and Mrs. Frazier were standing waiting for the car when it approached very slowly and came to a complete stop; that when the car had stopped its rear entrance was in front of, or opposite, the point where the ladies were standing; that the ladies attempted to board it, but the bell to start the car was given "so quick that it was hard to tell how long it stopped." She further stated that on account of the traffic she did not keep her eyes upon the ladies all the time, but that immediately upon hearing the bell she looked to see where her friends were and saw Mrs. Frazier thrown to the street and

Mrs. Brininstool still on the first step of the car, and later she saw her, after she was thrown from the car, sitting in an upright position in the street. Another witness for plaintiffs was Mrs. Mary A. Rice, who gave her testimony by means of a deposition. She did not see Mrs. Brininstool or Mrs. Frazier at the time they attempted to board the car, but did see them on the step of the car and saw them fall from the car on to the street. Mrs. Frazier fell first and then Mrs. Brininstool.

Against this testimony the defendant produced four witnesses, the conductor and motorman on the car, and two passengers. These witnesses, with the exception of the motorman, testified substantially that the car did not stop at the point where Mrs. Brininstool and Mrs. Frazier attempted to board it, but that after the car had left its usual stopping place at this street intersection, and while it was in motion, Mrs. Brininstool and Mrs. Frazier attempted to board it, and that in so doing they were thrown therefrom to the street and injured. The motorman testified that he stopped the car at the regular stopping place, and that after receiving the signal to proceed he started his car slowly and in the regular way, and while moving at a very slow rate of speed down the street, he suddenly received three violent bells, very hard, and stopped his car with a jerk. From his position he could not see the ladies as they attempted to board the car and he did not see them at any time either before or after the accident.

[1] It is apparent from this brief reference to the evidence in the case that there is a sharp and substantial conflict between the evidence offered on behalf of the plaintiffs, and that given for the defendant, upon the vital issue in the case as to whether the car from which Mrs. Brininstool was thrown had come to a full stop or was moving at the time she attempted to board it. With this testimony before it, the trial court granted plaintiff's motion for a new trial. It is well settled in this state that the action of the trial court, in granting or refusing a new trial, when there is a substantial conflict in the evidence, rests so fully in the discretion of the trial court, that its action is conclusive on the appellate court, unless it appears that there has been an abuse of such discretion. (*Domico* v. *Casassa,* 101 Cal. 411 [35 Pac. 1024]; *Wright* v. *Salzberger & Son,* 63 Cal. App. 450 [218 Pac. 785].)

It is the contention of the defendant, however, that the great weight of the evidence is in its favor and that the order of the trial court, granting plaintiff's motion for a new trial, made under such circumstances, was an abuse of the discretion reposed in it. The fallacy of this argument lies in the assumption by defendant that it is within the province of the appellate court to pass upon the evidence and determine the weight thereof. The trial court, in granting the motion of plaintiff for a new trial on the ground of the insufficiency of the evidence must have necessarily concluded and found that the weight of the evidence was with the plaintiffs. This right to pass upon the evidence, as we have already shown, belongs exclusively to the trial court, and its determination thereof is controlling not only of its action, but also of the action of this court. We are, therefore, unable to agree with the defendant that there was any abuse of discretion on the part of the trial court in granting plaintiff's motion for a new trial.

[2] There is a further reason why the order granting a new trial must be affirmed by this court upon the ground stated in the order. The evidence of Mrs. Brininstool and Mrs. Frazier corroborated by the other witnesses for the plaintiffs, would without question have sustained a verdict in favor of the plaintiffs, and it is well established in this state that an order granting a new trial, upon the ground that the evidence is insufficient to sustain the judgment, will not be disturbed where there was at the trial a conflict in the evidence, unless it can be said that a verdict in favor of the moving party would not have found sufficient legal support in such evidence. (*Tweedale* v. *Barnett,* 172 Cal. 271 [156 Pac. 483].) It has also been held "that the action of a trial court, in granting a new trial upon the ground of insufficiency of the evidence to justify the decision, 'is so far a matter within its discretion that, if there is *any appreciable conflict* in the evidence, it is not open to review.' " (*Otten* v. *Spreckels,* 24 Cal. App. 251–256 [141 Pac. 224, 226].)

The respondent also claims that the order of the court granting plaintiffs' motion for a new trial should be sustained on other grounds. In view of the conclusion reached by us that the order should be sustained upon the ground of the insufficiency of the evidence to support the verdict,

66 Cal. App.—29

we deem it unnecessary to consider any other ground which might be advanced in support of the order.

The order granting plaintiff's motion for a new trial is affirmed.

Conrey, P. J., and Houser, J., concurred.