[Civ. No. 4639. First Appellate District, Division One.—November 13, 1924.]

## CHARLES A. BUTLER, Appellant, v. F. E. MILLER et al., Respondents.

[1] New Trial—Order Granting — Discretion — Appeal.—An order granting a motion for a new trial must stand on appeal except it plainly appear that in making such order the trial court abused its sound legal discretion.

[2] Id.—Evidence—Appeal.—An order granting a new trial may not be disturbed on appeal where there was at the trial a conflict of evidence upon material issues, unless it can be said that a verdict in favor of the moving party would not have found sufficient legal support in the evidence.

[3] Id.—Verdict—Evidence—Discretion—Appeal.—On this appeal from an order granting an employer a new trial in an action brought against him and his employee for damages for personal injuries, the appellate court is of the opinion that, had the verdict been in favor of the employer, it would have found legal support in the evidence, tending strongly as it does, to show that plaintiff's negligence contributed directly to the accident, and that the trial court exercised sound discretion in granting the employer a new trial and in denying plaintiff a new trial as to the employee.

[4] Id.—Respondeat Superior — Joint Tort-feasors — Contributory Negligence—Evidence.—In passing upon the employer's motion for a new trial, the doctrine of *respondeat superior* was applicable to the defendants, and not the principle of joint tort-feasors; but the question is of no practical moment on appeal from the

---

1. See 20 R. C. L. 226; 20 Cal. Jur. 27.
2. See 2 R. C. L. 217; 19 Cal. Jur. 772.

order granting the new trial, as in either aspect the defense of contributory negligence established by overwhelmingly strong proof is available to defendants.

---

(1) 4 **C. J.**, p. 832, sec. 2813.    (2) 4 **C. J.**, p. 834, sec. 2816.    (3) 29 **Cyc.**, p. 833.    (4) 29 **Cyc.**, p. 487.

APPEAL from an order of the Superior Court of Alameda County granting a new trial. Mortimer Smith, Judge. Affirmed.

The facts are stated in the opinion of the court.

True Van Sickle and Howard L. Bacon for Appellant.

Ford & Johnson and Louis V. Crowley for Respondents.

CABANISS, P. J., *pro tem.*—Plaintiff sued to recover for personal injuries suffered as the result of having been struck and run upon by an automobile truck driven by defendant Schneider, as the employee of defendant Miller. The verdict was in favor of defendant Schneider and against defendant Miller.

Defendant Miller moved for and was granted a new trial "on the ground of the insufficiency of the evidence to justify the verdict and upon the further ground that the verdict is against law"; and from this order plaintiff has appealed.

[1] It has been repeatedly held by our courts that an order granting a motion for a new trial must stand except it plainly appear that in making such order the trial court abused its sound discretion (*Bledsoe* v. *DeCrow,* 132 Cal. 312 [64 Pac. 397], *Wright* v. *Yosemite Transp. Co.,* 28 Cal. App. 279 [152 Pac. 54], and cases cited therein). [2] The concrete test to be applied here is this: "We may not disturb such an order (one granting a new trial) where there was at the trial a conflict of evidence upon material issues, unless we can say that a verdict in favor of the moving party would not have found sufficient legal support in the evidence." (*Tweedale* v. *Barnett,* 172 Cal. 275 [156 Pac. 483].)

[3] We are of the opinion that, had the verdict been in favor of defendant Miller "it would have found legal sup-

port in the evidence," tending strongly as it does, to show that plaintiff's negligence contributed directly to the accident.

We will summarize the evidence only to the extent of illustrating this statement. Schneider, admittedly as the servant of Miller, entered an autotruck parked on the northerly side of Hopkins Street approximately parallel with the curb line, and slowly backed the truck diagonally toward street center. Plaintiff, having alighted from a street-car at the corner of Thirty-eighth Avenue and Hopkins Street, walked slowly therefrom in a diagonal course toward the north curb of Hopkins Street. While so walking he was struck by the rear of the backward-moving truck. Mrs. Frances E. Mathews, a witness for the plaintiff, saw plaintiff crossing from Thirty-eighth Avenue to north side of Hopkins Street. She testified: "He was crossing Hopkins Street and the automobile truck was backing up. When I first saw him he was a few feet north of the south curb on Hopkins Street. At the time I first saw Mr. Butler in that position the truck was moving and backing up on the north side of Hopkins Street. I watched Mr. Butler as he crossed the street, and as Mr. Butler was crossing the street the truck continued to back. There was nothing between Mr. Butler and the truck, and as I saw this truck backing and Mr. Butler walking I was thinking there would be an accident, notwithstanding the fact that there was nothing between Mr. Butler and the truck. I knew he was going to get hurt." (In fairness to plaintiff and with all deference to the lady witness what she "was thinking" and "knew" we will ignore.) Another of plaintiff's witnesses, the conductor of the car from which plaintiff had alighted, testified: "He (plaintiff) walked with his head down, he kind of stooped, and as I was looking at him he walked back of this truck which was moving. He did not move his head either to the left or right. I was looking right at him. The truck could not have been going over three or four miles an hour. Mr. Butler did not look one way or the other while I was watching him. There was no obstruction between the truck and Mr. Butler as the truck was moving and Mr. Butler was walking."

Two other witnesses called by plaintiff gave testimony which made somewhat against him. Both qualitatively and

quantitatively considered, the evidence tending to exculpate plaintiff from the charge of contributory negligence is well nigh negligible.

For these reasons we feel that the learned trial judge exercised sound discretion in granting Miller a new trial, and in denying plaintiff a new trial as to defendant Schneider.

[4] Appellant's counsel insists that the motion for new trial "hinged primarily upon the proposition as to whether the principle of joint *tort-feasors* or the principle of *respondeat superior* should be applied to the defendants." Respondent's counsel, with equal insistence, maintains that the doctrine *respondeat superior* applies, and we are also of that opinion. But the question is of no practical moment, as in either aspect the defense of contributory negligence established by overwhelmingly strong proof is available to defendants.

The exigencies of this case do not demand that we consider the inconsistency between the two verdicts returned in this case, and hence we forego doing so.

In view of the foregoing we need not discuss other questions raised by respondent as they will not, and indeed cannot, again arise in the event another trial is had.

Order granting defendant Miller a new trial affirmed. Judgment in favor of defendant Gus Schneider and against plaintiff affirmed.

Knight, J., and St. Sure, J., concurred.