[Civ. No. 13845.  Second Dist., Div. Three.  July 13, 1943.]

LEE K. EWING et al., Respondents, v. OTOKICHI HAMADA, Appellant.

C. F. Jorz for Appellant.

Paul Blackwood and Samuel P. Young for Respondents.

SHINN, Acting P. J.—In this action for damages arising out of an automobile collision, defendant Hamada appeals from an order granting certain of the plaintiffs a new trial upon the ground of insufficiency of the evidence, following a verdict and judgment for defendant.

Two of the plaintiffs who were granted new trials were guests in a car driven by Grace Gerstenkorn at the time it collided with defendant's truck. The other plaintiffs who were granted new trials were the respective husbands of the women guests.

 The correctness of the order granting a new trial upon the ground of insufficiency of the evidence is to be judged under well established rules. The order must be affirmed unless it constituted an abuse of discretion. If it appeared to the trial judge that the verdict was against the weight of the evidence and that the interests of justice would be promoted by a new trial, it was his duty to grant the motion, and if there was any reasonable basis for his so believing, his determination, being one of fact, will be deemed conclusive on

appeal. His discretion is exceedingly broad. If the evidence would have sustained a verdict in favor of the plaintiffs, the order granting them a new trial should be affirmed. (*Brininstool* v. *Pacific Elec. Ry. Co.*, (1924) 66 Cal.App. 445, 449 [226 P. 410]; *Butler* v. *Miller*, (1924) 69 Cal.App. 586, 587 [231 P. 1007].)

A brief statement of some of the material facts in evidence will disclose that there was a sound basis for the order. There was testimony, which, if believed, was sufficient to establish the following, as facts: that Grace Gerstenkorn, driving north on Barrington Avenue, entered the intersection of Goshen Street and in attempting to cross the latter street had travelled to the middle of the intersection, where the left rear side of her car was struck by the right front of defendant's truck, which was travelling east. The Gerstenkorn car continued on toward the northeast corner of the intersection and turned over. It was travelling at about 15 or 20 miles per hour when it was from 25 to 35 feet south of the intersection, at which point the driver saw defendant's truck approaching from the west at a distance of about 100 feet from the intersection and at a speed which she estimated at from 25 to 30 miles per hour. As she neared the middle of the intersection she saw the truck close upon her, tried to speed up her car, and turned it sharply to the right. The trial judge had ample reason to believe that the Gerstenkorn car entered the intersection first, and it admittedly entered from defendant's right. If it entered first, or the two entered at the same time, defendant was required to yield the right of way. (Vehicle Code, sec. 550.) Defendant testified that when his car was 100 feet west of Barrington he could see for a distance of from 50 to 70 feet south on Barrington; that he was travelling about 20 or 25 miles per hour, that he did not see the Gerstenkorn car until he, defendant, was about 15 feet from the intersection, and that the other car when he first saw it was 35 or 40 feet south of the southerly curb line of Goshen. He did not give any explanation of his failure to look toward the south or to see traffic approaching from that direction before he reached the point 15 feet from the intersection.

The mere statement of these facts discloses good reason for granting a new trial. A most reasonable conclusion from defendant's testimony would be that he failed to exercise

ordinary care as he approached the intersection. His view was not obstructed and his failure to look or to see what was in plain sight was convincing evidence of his negligence. And in addition, the court might have believed that defendant did not see the other car at all before the collision. His account of the accident was sharply contradicted by other testimony and by the physical facts in evidence, for it is obvious that had the Gerstenkorn car been 35 or 40 feet away from the intersection when defendant's car was no more than 15 feet from the intersection, the cars could not have come together as they did and might not have collided at all. The evidence of defendant's negligence was so strong as to leave no doubt that the trial judge properly and wisely exercised his discretion in granting the new trial. The appeal is utterly devoid of merit.

The order is affirmed.

Wood (Parker), J., and Bishop, J. pro tem., concurred.