[No. 13727.   Department One. — March 5, 1891.]

CHARLES TOWNSEND, RESPONDENT, *v.* J. S. BRIGGS, APPELLANT.

NEW TRIAL — REVIEW OF EVIDENCE — BILL OF EXCEPTIONS — SPECIFICATIONS OF INSUFFICIENCY — INADEQUATE VERDICT — ASSAULT — DAMAGES. — In an action to recover damages for personal injuries, resulting from an assault and battery of the plaintiff by the defendant, where the plaintiff, in whose favor the verdict is rendered, moves for a new trial upon the ground of insufficiency of the evidence to justify the verdict, specifications as to what the evidence shows in regard to the extent of the injuries and loss sustained by the plaintiff, and that the amount of the verdict is wholly inadequate and insignificant as compensation for the damage sustained from the injury inflicted, are sufficient to warrant a review of the evidence, and to sustain an order granting a new trial to the plaintiff on the ground of its insufficiency to justify the verdict.

ID. — ORDER GRANTING NEW TRIAL — REVIEW UPON APPEAL.— An order granting a new trial will not be reversed on appeal if it can be justified on any of the grounds upon which the motion was made.

APPEAL from an order of the Superior Court of Ventura County granting a new trial.

The facts are stated in the opinion.

*Brousseau & Hatch,* and *Blackstock & Shepherd,* for Appellant.

*Barnes & Selby,* and *H. L. Poplin,* for Respondent.

BELCHER, C. — The plaintiff brought this action to recover damages in the sum of twenty thousand dollars for personal injuries alleged to have been wrongfully, wantonly, and maliciously caused by the defendant.

The case was tried by a jury, and a verdict returned in favor of the plaintiff for five hundred dollars, on which judgment was entered.

In due time the plaintiff served notice of his intention to move for a new trial, upon the following grounds: "1. Insufficiency of the evidence to justify the verdict; 2. That the verdict is against law; 3. Errors in law occurring at the trial, and excepted to by the plaintiff." The notice stated that the motion would be made upon a bill of exceptions to be thereafter settled, and such a bill was thereafter settled and filed.

The court granted the motion, but upon what ground does not appear, and the defendant appeals from the order.

It is claimed for appellant that the bill of exceptions shows no errors in law committed at the trial, and contains no sufficient specification of the particulars in which the evidence is alleged to be insufficient to justify the verdict, and hence that the new trial was improperly granted.

The bill of exceptions states that the plaintiff excepted to the verdict of the jury, upon the ground of the insufficiency of the evidence to justify it; and it contains specifications to the effect that, as shown by the evidence, plaintiff was wrongfully assaulted and beaten by the defendant; that he was then forty-six years of age, and up to that time in good health, and able to earn sixty dollars per month; that the injuries so inflicted resulted in the loss of his left arm, in causing him great physical and mental pain, and in rendering him unable to earn his support; that "the verdict of five hundred dollars returned will not compensate plaintiff for the detriment proximately caused by said injury, and is

not equivalent to the amount plaintiff will lose in one year as wages in earning capacity alone "; and that " the amount of the verdict (five hundred dollars) is wholly inadequate and insignificant as compensation for the damage sustained from said injury."

We think the specifications sufficient. (*Du Brutz* v. *Jessup*, 54 Cal. 118; *Bennett* v. *Hobro*, 72 Cal. 178.)

The evidence showed very clearly that without any sufficient cause defendant struck plaintiff on the head with a mallet several times; that plaintiff was knocked down, and fell on a cutting-machine; that his left elbow-joint was badly cut, and the principal arteries, veins, and nerves of the arms severed; that he had one scalp-wound an inch and a half long, cut through to the bone; that to save his life it was necessary to amputate his arm above the elbow; and that he suffered great pain both before and after the amputation.

Under such a showing of the facts, the court may well have thought that five hundred dollars was a grossly inadequate sum to compensate the plaintiff for the injuries received, and may have granted the motion on that ground. And the rule is well settled that an order granting a new trial will not be reversed on appeal if it can be justified on any of the grounds upon which the motion was made. (*Nally* v. *McDonald*, 77 Cal. 284; *Harnett* v. *C. P. R. R. Co.*, 78 Cal. 31; *Curtiss* v. *Starr & Co.*, 85 Cal. 376.)

We are unable to see that the court abused its discretion in granting the new trial, and we therefore advise that the order be affirmed.

Foote, C., and Hayne, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the order is affirmed.