[No. 13052. In Bank. — May 4, 1891.]

## SUSAN CROOKS, ETC., APPELLANT, v. MARK A. MILLER ET AL., RESPONDENTS.

89    35
101   414

ORDER GRANTING NEW TRIAL — DISCRETION — PRESUMPTION UPON AP-
PEAL. — Every presumption will be indulged in favor of the proper exer-
cise, by the trial court, of its judicial discretion in granting a new trial
upon the ground of the insufficiency of the evidence to support the de-
cision, and the order will not be reversed, unless there is a manifest abuse
of discretion.

ID. — CONFLICTING EVIDENCE. — Where there is a substantial conflict in the
evidence, an order granting a new trial on the ground of the insuffi-
ciency of the evidence to justify the decision will not be reversed.

APPEAL from an order of the Superior Court of Ala-
meda County granting a new trial.

The facts are stated in the opinion.

*Mich. Mullany, William Grant, Franklin P. Bull*, and *W. H. Jordan*, for Appellant.

*Estee, Wilson & McCutchen*, for Respondents.

FITZGERALD, C. — Appeal from an order of the supe-
rior court of Alameda County granting a new trial.

This is an action of ejectment which was tried by the
court without a jury, and judgment rendered in favor
of plaintiff. The order appealed from states no ground
upon which the motion for a new trial was granted. But
the record shows that the motion was made and urged
upon the ground, among others, "that the evidence is
insufficient to justify the decision." We have reached
the opinion, after reading the evidence attentively, that
it must have been upon this ground that the court below
based its action in granting the motion; and as there
is a substantial conflict in the evidence, the granting
of a new trial was clearly within the discretion of the
court.

Every presumption will be indulged in favor of the
proper exercise, by the court below, of its judicial discre-

tion in granting a new trial upon the ground of the in-
sufficiency of the evidence to support the decision.   And
as it is the well-settled rule of this court not to interfere
unless there has been a manifest abuse of discretion, and
as no such abuse is disclosed by the record as would jus-
tify such interference, it follows that the order should be
affirmed.

FOOTE, C., and TEMPLE, C., concurred.

The COURT. — For the reasons given in the foregoing
opinion, the order is affirmed.