[No. 13227. Department Two.—December 29, 1891.]

## HENRY BJORMAN, APPELLANT, v. FORT BRAGG REDWOOD COMPANY, RESPONDENT.

NEW TRIAL — CONFLICTING EVIDENCE — VERDICT CONTRARY TO WEIGHT OF EVIDENCE. — Though the evidence is conflicting, yet if the judge of the trial court is satisfied that the verdict is contrary to the weight of the evidence, it is his duty to grant a new trial.

ID. — DISCRETION — REVIEW UPON APPEAL. — A motion for a new trial on the ground of the insufficiency of the evidence to justify the verdict or decision is addressed to the sound legal discretion of the court, and an order granting a new trial upon such ground will not be reversed on appeal, unless it appears that there was a manifest abuse of such discretion.

APPEAL from an order of the Superior Court of Mendocino County granting a new trial.

The facts are stated in the opinion.

*A. Morganthal*, and *J. M. Mannon*, for Appellant.

*J. A. Cooper*, *T. L. Carothers*, and *C. E. Wilson*, for Respondent.

BELCHER, C. — This is an appeal from an order granting the defendant's motion for a new trial.

The action was brought to recover damages for an injury to plaintiff, resulting in the loss of his right leg, and alleged to have been caused by the negligence and gross carelessness of the defendant. The answer denied all the averments as to negligence and carelessness on the part of defendant, and alleged that the injury to plaintiff was caused by the negligence and carelessness of his fellow-servant.

The case was tried by a jury, and a verdict returned in favor of plaintiff for seven thousand dollars, on which judgment was entered.

The defendant moved for a new trial upon a ground, among others, that the evidence was insufficient to justify the verdict, and on this ground alone, as appears from the order, the motion was granted.

It is earnestly contended by counsel for appellant that

the verdict was sustained by a clear preponderance of the evidence, and hence that it was error to set it aside.

But the rule is well settled in this court, that, though the evidence is conflicting, if the judge of the trial court is satisfied that the verdict is contrary to the weight of the evidence, it is his duty to grant a new trial. (*Hall* v. *Bark Emily Banning*, 33 Cal. 522; *Dickey* v. *Davis*, 39 Cal. 565; *Sherman* v. *Mitchell*, 46 Cal. 576; *Irving* v. *Cunningham*, 58 Cal. 306.)

And the rule is also equally well settled, that a motion for new trial on the ground of the insufficiency of the evidence to justify the verdict or decision is addressed to the sound legal discretion of the court, and that an order granting a new trial on this ground will not be reversed on appeal, unless it appears that there was a manifest abuse of such discretion. (*Gerold* v. *Brunswick & Balke Co.*, 67 Cal. 124; *Pico* v. *Cohn*, 67 Cal. 258; *Breckenridge* v. *Crocker*, 68 Cal. 403; *Nally* v. *McDonald*, 77 Cal. 284.)

It would subserve no useful purpose to state at length the facts of the case as they are shown by the record. We have carefully read all the evidence, and while we are not entirely satisfied that the conclusion reached by the learned judge of the court below was correct, still, we cannot say that any such abuse of the discretion with which he was clothed appears as would justify this court in reversing the order.

We advise, therefore, that the order be affirmed.

FITZGERALD, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order is affirmed.

Hearing in Bank denied.