[No. 15422.   Department One.—February 27, 1894.]

## LUIGI DOMICO, APPELLANT, v. DOMENICO CASASSA, RESPONDENT.

NEW TRIAL—INSUFFICIENCY OF EVIDENCE—DISCRETION OF TRIAL COURT —APPEAL.—The granting or denying of a new trial on the ground that the evidence is insufficient to justify the verdict, where there is a substantial conflict in the evidence, is in the discretion of the trial court, and its action is conclusive upon the appellate court, unless it appears that there has been an abuse of discretion, and it is immaterial whether the evidence is insufficient to sustain all or only a portion of the issues on which the judgment must depend.

ID.—EXCESSIVE VERDICT—EXEMPLARY DAMAGES—PROVINCE OF JURY— CONFLICTING EVIDENCE—POWER OF TRIAL COURT.—The question as to whether the acts of a defendant resulting in personal injuries to the plaintiff were accompanied by oppression, fraud, or malice, so as to authorize the giving of exemplary damages, is a fact to be determined by the jury from the evidence before it, and where there is a substantial conflict of evidence thereon its verdict will not be interfered with upon appeal; but the trial court may, if in its opinion the evidence was insufficient to show that there had been any fraud, oppression, or malice, on the part of the defendant, grant a new trial, notwithstanding the verdict of the jury.

Id.—Review of Evidence Upon Appeal—Question of Fact—Duty of Trial Court—Discretion.—If there is no evidence upon an issue which is essential to the judgment, a verdict or finding upon such issue is an error of law which may be reviewed upon appeal, but if the verdict or finding is made upon a conflict of evidence, the sufficiency of the evidence therefor is a question of fact which the trial court is authorized to review, and, if in its opinion the verdict is against the weight of evidence, it is its duty to set it aside, and its action in so doing is the exercise of a legal discretion, but is not an error of law which can be reviewed upon appeal.

Appeal from an order of the Superior Court of Sonoma County granting a new trial.

The facts are stated in the opinion of the court.

*A. B. Ware,* and *Rutledge & Pressley,* for Appellant.

In this case the damages found are not so great as to indicate that the jury acted under the influence of passion or prejudice, and therefore the court should not have disturbed the verdict. The order appealed from invades the province of the jury. (*Taylor* v. *California Stage Co.,* 6 Cal. 228; *Aldrich* v. *Palmer,* 24 Cal. 516; *Bodwell* v. *Osgood,* 3 Pick. 379; 15 Am. Dec. 228; *McNamara* v. *King,* 2 Gilm. 432; *Vanzant* v. *Jones,* 3 Dana, 464; *Worford* v. *Isbel,* 1 Bibb, 247; 4 Am. Dec. 633; *Edgell* v. *Francis,* 1 Man. & G. 222; *Wilson* v. *Fitch,* 41 Cal. 363.)

*Barham & Bolton,* for Respondent.

Where there is a conflict in the evidence this court will not disturb the decision of the court below in granting a new trial. (Haynes on New Trial, p. 857, sec. 288.) The rule is the same in a case tried by jury and a verdict rendered as in a case tried before the court without a jury. (*Dickey* v. *Davis,* 39 Cal. 569; *Du Brutz* v. *Jessup,* 54 Cal. 118; *Higuerra* v. *Bernal,* 46 Cal. 580; *Curtiss* v. *Starr,* 85 Cal. 376; *Ehrlich* v. *Ewald,* 51 Cal. 172; *Sperry* v. *Spaulding,* 49 Cal. 252; *Marble* v. *Fay,* 49 Cal. 585; *Gerold* v. *Brunswick etc. Co.,* 67 Cal. 124; *Pico* v. *Cohn,* 67 Cal. 258; *Breckenridge* v. *Crocker,* 68 Cal. 403; *Thompson* v. *Thornton,* 47 Cal. 76; *Green* v. *L. S. & P. F. Co.,* 46 Cal. 408; *Simpson* v. *Pacific M. L. Ins. Co.,* 44

Cal. 141; *Lorenzana* v. *Camarillo,* 41 Cal. 467; *Hall* v.
*Bark Emily Banning,* 33 Cal. 524; *O'Brien* v. *Brady,* 23
Cal. 243.)

HARRISON, J.—Action to recover damages for per-
sonal injuries sustained by the plaintiff at the hands
of the defendant.

The jury rendered a verdict in favor of the plaintiff
for seven hundred and fifty dollars. Upon a motion for a
new trial by the defendant on the ground, among others,
of insufficiency of the evidence to justify the verdict, the
court made an order granting the motion, unless the
plaintiff should within twenty days remit all of the ver-
dict above three hundred dollars and costs, and, if such
remission be made, that a new trial be denied. The
plaintiff declined to remit, and has appealed from the
order.

The evidence in the record fails to show that the
actual damage sustained by the plaintiff was as great
as the amount of the verdict, and the jury were not
authorized to give exemplary damages unless there
was some evidence of oppression, fraud, or malice.
(Civ. Code, sec. 3294.)

The granting or denying a new trial on the ground
that the evidence is insufficient to justify the verdict,
where there is a substantial conflict in the evidence,
rests so fully in the discretion of the trial court that its
action is conclusive upon this court, unless it appears
that there has been an abuse of such discretion; and it
is immaterial whether the evidence is insufficient to sus-
tain all or only a portion of the issues on which the
judgment must depend. Whether the acts of the de-
fendant were accompanied by oppression, fraud, or
malice, so as to authorize the giving of exemplary dam-
ages, was a fact to be determined by the jury from the
evidence before it, and upon this point there was a
substantial conflict of evidence. The order of the
judge granting a new trial shows that in his opinion
the evidence was insufficient to show that there had

been any fraud, oppression, or malice on the part of the defendant. The cases cited by the appellant, in which this court has refused to interfere with the verdict of a jury, were cases in which the trial court had itself refused to grant a new trial or to reduce the verdict. The same principle which precludes an interference by this court in such cases applies when the trial court has granted a new trial, either absolutely or conditionally. If there is no evidence upon an issue which is essential to the judgment, a verdict or finding upon such issue is an error of law which may be reviewed by this court. (*Mason* v. *Lord*, 40 N. Y. 484; *Conely* v. *McDonald*, 40 Mich. 150); but, if the verdict or finding is made upon a conflict of evidence, the sufficiency of the evidence therefor is a question of fact, which the trial court is authorized to review, and, if in its opinion the verdict is against the weight of the evidence, it is its duty to set it aside. (*Dickey* v. *Davis*, 39 Cal. 569; *Sherman* v. *Mitchell*, 46 Cal. 577; *Irving* v. *Cunningham*, 58 Cal. 306; *Curtiss* v. *Starr*, 85 Cal. 376; *Bjorman* v. *Fort Bragg R. Co.*, 92 Cal. 500.) Its action in so doing is the exercise of a legal discretion, but is not an error of law which can be reviewed by this court. (*Breckenridge* v. *Crocker*, 68 Cal. 403; *Nally* v. *McDonald*, 77 Cal. 284; *Townsend* v. *Briggs*, 88 Cal. 230; *Crooks* v. *Miller*, 89 Cal. 35.)

The order is affirmed.

GAROUTTE, J., and PATERSON, J., concurred.