## WARNER v. F. THOMAS PARISIAN DYEING & CLEANING WORKS.*

### No. 15,266; June 19, 1894.

37 Pac. 153.

**Appeal—Record.—The Action of the Court in Granting a** new trial must be affirmed where the grounds for granting the same are not stated.

**Appeal—Amendment of Statement.—After the Statement of** the case has been settled for an appeal, the court can allow additions to be made thereto, though the omissions arose from the negligence of the attorney.

APPEAL from Superior Court, City and County of San Francisco; John Hunt, Judge.

Action by Seth Warner against the F. Thomas Parisian Dyeing & Cleaning Works. There was a judgment for plaintiff, and, from an order granting defendant a new trial, plaintiff appeals. Affirmed.

Horace W. Philbrook for appellant; Reinstein & Eisner for respondent.

PER CURIAM.—A verdict was rendered in this cause in favor of the plaintiff for $1,321. The defendant moved for a new trial upon several grounds, one of which was that the evidence was insufficient to justify the verdict. The court granted the motion without specifying the ground upon which it made the order, and from this order the plaintiff has appealed.

Upon well-established rules, the action of the court must be affirmed: Crooks v. Miller, 89 Cal. 35, 26 Pac. 615; Kauffman v. Maier, 94 Cal. 269, 18 L. R. A. 124, 29 Pac. 481; Domico v. Cassassa, 101 Cal. 411, 35 Pac. 1024; People v. Flood, 102 Cal. 330, 36 Pac. 663; Mills v. Navigation Co., 102 Cal. 357, 36 Pac. 772.

After the statement of the case had been settled by the judge and filed with the clerk, it was brought to the notice of

*For subsequent opinion, see 105 Cal. 409, 38 Pac. 960.

the court that the statement was incomplete, in that several exhibits referred to therein had not been engrossed at length, although it was recited in the statement that it contained all the material evidence taken at the trial of the action. The defendant's attorney thereupon moved the court that the settlement and allowance of the statement be vacated, and that they be allowed to re-engross the same, and place these exhibits therein. This motion was resisted by the attorney for the plaintiff, but, after a hearing of the parties, was granted; and the plaintiff's attorney excepted to this action of the court. We see no error in this proceeding. Courts of justice are organized for the purpose of determining the controversies between litigants according to their respective rights; and rules of procedure are intended to facilitate this purpose, rather than to hamper or obstruct the action of the court in determining which of the parties is entitled to a judgment. Section 659, Code of Civil Procedure, makes it the duty of the judge, in settling the statement, to make it "truly represent the case, notwithstanding the assent of the parties to any inaccurate statement." If the judge shall become satisfied that a statement, as settled by him, does not truly represent the case, he is authorized, and it is his duty, to make such corrections therein as will cause it to conform to the facts. In the present case the defendant's attorney, in preparing the proposed statement, had included therein a reference to these exhibits by inserting the words, at the place where they were referred to, "here insert plaintiff's exhibit ——," so that the plaintiff's attorney was not misled in preparing amendments thereto; and, when the attention of the judge was drawn to the fact that the exhibits had not been engrossed in the statement, he was authorized to vacate his certificate of settlement, and direct that they be engrossed therein, so that his certificate may conform to the facts. Whether the omission to engross them was the result of inadvertence or carelessness on the part of the defendant's attorney did not deprive the court of a discretion to settle it correctly; and, for the purpose of determining what exhibits were in reality referred to in the statement, it was authorized to make such investigation as would enable it to settle the statement according to the facts. The order is affirmed.