## SCRIVANI v. DONDERO.

### S. F. No. 254; May 18, 1896.

#### 44 Pac. 1066.

**Appeal—Review—Granting of New Trial.**—The rule that an appellate court will not disturb a verdict where there is evidence to sustain it does not apply with equal force to the trial judge, who saw and heard the witnesses, and an order granting a new trial will not be reversed unless there has been an abuse of discretion.

APPEAL from Superior Court, Santa Cruz County; J. H. Logan, Judge.

Action by Batisto Scrivani against Charles Dondero. Plaintiff appeals from an order setting aside a verdict in his favor and granting a new trial. Affirmed.

Geo. P. Burke for appellant; Julius Lee for respondent.

PER CURIAM.—This is an action to recover damages for malicious prosecution. There was a verdict and judgment for $500 in favor of the plaintiff. Defendant moved for a new trial, which was granted. Plaintiff appeals from the order granting a new trial.

The order appealed from states no ground for the decision, but the motion was made upon the ground, among others, of the insufficiency of the evidence to justify the verdict; and, as the record is presented, the order must stand or fall upon the correctness of the ruling on that question. Appellant contends that the court below abused its discretion in granting the order upon the ground stated. This court has uniformly held that motions for new trial are addressed to the sound discretion of the trial courts, and that their action thereon will not be disturbed unless there has been a manifest abuse of discretion. In this case there is a substantial conflict of evidence material to the issue. In Sherman v. Mitchell, 46 Cal. 577, the appeal was from an order granting the defendant a new trial, as to which the court said: "In Dickey v. Davis, 39 Cal. 569, we said: 'In this court, when there is a substantial conflict in the evidence, we decline to set aside a verdict or finding of facts as being contrary to the weight of evidence, solely because we have had no opportunity to observe the manner of the witnesses and to decide upon their credibility. But this reason does not apply to the district judge, and, though it is the peculiar province of the jury to decide upon the facts submitted to them, generally, in doubtful cases, the verdict ought not to be set aside as contrary to the weight of the evidence, nevertheless, if the judge is not satisfied with the verdict, and is convinced that it is clearly against the weight of the evidence, it is his duty to set it aside, even though there may have been some conflict in the testimony.' " In Warner v. Thomas Cleaning Works, 105 Cal. 409, 38 Pac. 960, the court said: "It is . . . . settled law that when the evidence is conflicting the trial court is authorized to review it, and if, in its opinion, the verdict is against the weight of the evidence, it is its duty to grant a new trial: Bjorman v. Redwood Co., 92 Cal. 500, 28 Pac. 591; Domico v. Casassa, 101 Cal. 411, 35 Pac. 1024, and cases cited." In Bates v. Howard, 105 Cal. 173, 38 Pac. 715, this court said: "It is a cardinal doctrine of this court, the oft enunciation of which has rendered it monotonous, that, where upon a question of fact the

testimony in the court below involves a substantial conflict, the action of such court below will not be disturbed'': See, also, Curtiss v. Starr, 85 Cal. 376, 24 Pac. 806; Townsend v. Briggs, 88 Cal. 230, 26 Pac. 108; Crooks v. Miller, 89 Cal. 35, 26 Pac. 615; Jones v. Sanders, 103 Cal. 678, 37 Pac. 649; In re Carriger's Estate, 104 Cal. 81, 37 Pac. 785. The rule invoked by appellant is that which prevails in the appellate court. The lower court is not governed by the same rule: Bates v. Howard, 105 Cal. 178, 38 Pac. 715; Wilson v. Railroad Co., 94 Cal. 168, 17 L. R. A. 685, 29 Pac. 861; Sherman v. Mitchell, 46 Cal. 577; Dickey v. Davis, 39 Cal. 569. The order appealed from is affirmed.