GAMBLE, Appellant, v. KEYES, et al.   (KEYES, Respondent.)

(166 N. W. 134.)

(File No. 4073.   Opinion filed December 31, 1917.   Rehearing denied February 14, 1918.)

1.   **New Trials—Review, Power of—Unliquidated Damages—Motion, For Insufficient Evidence—Power of Trial Court to Review, in Absence of Passion or Prejudice—Statute.**

Where, in a suit for damages for willful trespass upon a person under warrant of arrest, but without search warrant, a motion for new trial was made and granted under Subd. 6, Sec. 301, Code Civ. Proc., for insufficiency of evidence to justify verdict, the claim being that the amount of the verdict was excessive, held, that trial judge may review the evidence for the purpose of determining whether the amount of a verdict is excessive, regardless of any question of its being the result of passion and prejudice under Subd. 5 of said section.

2.   **New Trials—Review Re Damages Based on Opinion Evidence, Based on Jurors' Choice or Will—Rule.**

The power of trial court to review judgment of jury as to amount of damages, when such judgment rests upon opinions of witnesses, being conceded, held, the ends of justice being best subserved under that rule, they will likewise be best subserved by allowing trial judge to grant new trial in the other class of cases, viz., when the verdict is based upon unrestrained exercise of choice or will by jury, regardless of whether the verdict is deemed to be the honest conclusion of the jury or otherwise. So held, where trial court set aside verdict for insuf-

ficient evidence, under the claim that the amount of verdict was grossly excessive but not as being the result of passion or prejudice.

3.   New Trials—Unliquidated Damages—Excessive Damages, Review For—Passion or Prejudice, Which Statutory Ground Applicable—Distinction.

The rule, sometimes declared by courts, that in actions to recovered unliquidated damages not computable by mathematical calculation and not susceptible of proof by opinion evidence, but within discretion of jury, the motion for new trial on ground of excessive or inadequate damages should be made under statutes similar to Subd. 5, Sec. 301, Code Civ. Proc., providing for new trial upon ground of excessive damages appearing to have been given under influence of passion or prejudice—has no application to a determination of amount of damages, where such amount may depend upon evidence of one or more causes of action or elements of damages the evidence of which is challenged by evidence; nor where such amount rests upon nature or extent of alleged injury the nature or extent of which is challenged by evidence; and such rule if recognized as correct, should be limited to right to review but one thing, viz., amount of damages allowed on undisputed facts. So held, in reviewing action of trial court in setting aside verdict for excessive damages for insufficient evidence, under Subd. 6, Sec. 301, Code Civ. Proc.

4.   New Trials—Unliquidated Damages—Cause of Action, Element, Nature, Extent, of Damages, Necessity of Evidence, As Basis of Verdict—Review, Rule of Passion and Prejudice.

The evidence of any cause of action or element of damages, as well as the nature and extent of damages as distinguished from the monetary measure of damages, are matters in which judgment of jury must be based upon evidence; and every verdict, wherein it rests upon disputed facts, is subject to review by trial court, regardless of whether it is result of passion or prejudice.

5.   New Trials—Unliquidated Damages for Trespass—Excessive Verdict, Not Resulting From Passion or Prejudice—Review, Right of, Where Items of Injury Not Sustained by Evidence—Punitive, Versus Compensatory, Damages.

In a suit for damages resulting from alleged trespass upon defendant's person under a warrant of arrest but without a search warrant, trial court was authorized to review the evidence under motion for new trial for insufficient evidence, under Subd. 6, Sec. 301, Code Civ. Proc., and to set aside such verdict as excessive, even though not believed to be the result of passion or prejudice, but where he believed the excessive

verdict resulted, not from jury allowing too much damages for some one or more items of injury where evidence sustains some damages, but believed it resulted from allowing damages for items of injury not found to have been established. So held, where the particular controversy was over punitive damages evidently allowed under one of several causes of action, and where it was contended by defendant that there was no proof of malice, without which malice there could be no punitive damages based upon compensatory damages the jury might have allowed under the cause of action for punitive damages.

6. **New Trials—Discretion—Granting New Trial—Malicious Trespass—Evidence, View of on Appeal, Most Favorable to Trial Court—Rule.**

In determining whether trial court abused discretion in granting new trial, the Supreme Court will view the evidence, not most favorably "to the verdict," as in case verdict has been sustained, but most favorably to conclusion reached by trial court; since, in weighing sufficiency of evidence to support allegations of injury suffered and of malice, trial court was as free as was the jury to determine where was the weight of evidence. So held, where evidence was conflicting.

7. **New Trial—Punitive Damages—Injury to Good Name, Etc.—Compensatory Damages Under Allegations For Punitive—Sufficiency of Evidence.**

In a suit for damages for trespass upon defendant's person under warrant for arrest but without a search warrant, trial court having granted new trial on ground of excessive verdict, held, that jury or trial court could not rightfully find compensatory damages to any material amount for injuries pleaded under a cause of action for punitive damages, there being no evidence to show that appellant "was injured in her good name among her friends and associates," or that she was "humiliated and disgraced in the opinion of her friends and her associates;" there being no allegation that she herself suffered shame or felt disgrace; invasion of her home being urged as the serious element of damages; and conceding that such was the serious element, a verdict for $20,000 could not be held to have been awarded solely for invasion of the home; particularly when there is no claim of damages based upon such invasion, other than that from injury to property, physical injury to defendant, and for injury to her good name, etc.

8. **Damages—Malicious Trespass Under Warrant of Arrest—Punitive Damages, Malice, As Necessary Basis of.**

In a suit for damages for malicious trespass upon defendant's person in her name, under warrant of arrest, but without a search warrant, held, that malice must be proven as a basis

for punitive damages; the injury must have been conceived in a spirit of mischief, and partake of criminal or wanton nature; and in order to be malicious, it must be wrongful, intentionally done, with an evil mind, and a wish to injure another.

9.  **Damages—Malicious Trespass—Excessive Damages — Granting New Trial—Trial Court's Discretion, Conclusiveness of—Rule —Legal Discretion, Not Error of Law, Not Reviewable.**

In a suit for damages for malicious trespass upon defendant's person, held, that the granting or denying a new trial for insufficient evidence, where there is substantial conflict, rests so fully in trial court's discretion that its action is conclusive upon Supreme Court unless it appears there has been abuse of such discretion; and upon question of oppression, fraud or malice authorizing exemplary damages, the trial court's order granting new trial indicates his opinion that the evidence was insufficient to show the presence of either of those elements on part of defendant; and, upon conflicting evidence, if in that court's opinion the verdict is against weight of evidence, it is its duty to set it aside; and its action in so doing is exercise of legal discretion, and is not error of law reviewable by Supreme Court.

Gates, P. J., and Smith, J., dissenting.

Appeal from Circuit Court, Codington County. Hon. CARL G. SHERWOOD, Judge.

Action by Elizabeth F. Gamble, against E. R. Keyes and others, to recover damages for forcibly entering and injuring plaintiff's house, assaulting her, etc. From an order granting new trial, plaintiff appeals. Order modified, and as modified, judgment affirmed.

For former opinion, see 35 S. D. 644, 153 N. W. 888.

*McFarland & Johnson,* for Appellant.

*Wilbur S. Glass,* and *Sherin & Sherin,* for Respondent.

(7.) To point seven of the opinion, Appellant cited:

Shoemaker v. Sonju, 15 N. D. 518; 108 N. W. 42; Whaley v. Vidal, et al. (S. D.) 132 N. W. 248-250-251; Redfield v. Oakland Con. St. Ry. Co., 110 Cal. 277, 42 Pac. 822, 1063.

WHITING, J.  This case has been before us upon an appeal from an order overruling a demurrer to the answer, our opinion being reported in Gamble v. Keyes, 35 S. D. 644, 153 N. W. 888. Reference is made to such opinion for a statement of the nature of the cause of action and the claims of plaintiff. After such appeal a trial was had and a verdict returned in the full amount

sought by plaintiff, $21,013.50. The present appeal is from an order setting aside such verdict and granting a new trial.

[1]   Section 301, C. C. P., provides that a new trial may be granted for the following among other causes:

"5.   Excessive damages, appearing to have been given under the influence of passion or prejudice.

"6.   Insufficiency of the evidence to justify the verdict or other decision, or that it is against law."

[1]   The motion in this case was made upon the first ground announced in subdivision 6. There seems to be a marked lack of harmony in the decisions as to when a motion for new trial should be made under subdivision 5 and when under subdivision 6. Perhaps the best and clearest statement of the rule announced by some of the courts and approved by Haynes in his work on New Trial and Appeal at section 94 is that found in Mohr v. Williams, 95 Minn. 261, 104 N. W. 12, 1 L. R. A. (N. S.) 439, 111 Am. St. Rep. 462, 5 Ann. Cas. 303, where the court said:

"In actions to recover unliquidated damages, such as actions for personal injuries, libel, and slander, and similar actions, where the plaintiff's damages cannot be computed by mathematical calculation, and are not susceptible to proof by opinion evidence, and are within the discretion of the jury, the motion for new trial on the ground of excessive or inadequate damages should be made under * * * [fifth subdivision, supra] ; and in such cases the court will not interfere with the verdict unless the damages awarded appear clearly to be excessive or inadequate, as the case may be, and to have been given under the influence of passion or prejudice. On the other hand, in all actions, whether sounding in tort or contract, where the amount of damages depends upon opinion evidence, as the value of the property converted or destroyed, the nature and extent of injuries to person or property, the motion for new trial should be made under * * * [sixth subdivision, supra], and in cases of doubt, or where both elements of damages are involved, under both subdivisions."

[2]   We doubt the soundness of any rule of law that would give to the trial court the universally conceded power to review the judgment of a jury as to the proper amount of damages to be awarded, when such judgment rests upon the opinions of witnesses, and would deny such trial court the power to review the deter-

mination of the jury as to the amount to be awarded when such determination flows from the unrestrained exercise of choice or will on the part of the jury, howsoever honest such exercise of choice or will may be. If the ends of justice are best subserved by giving to the trained mind the power to review the action of the untrained mind in the one class of cases, they surely will be best subserved by allowing the trial judge to grant a new trial in the other class of cases whenever he feels that a verdict is grossly unjust, whether because too large or too small, and regardless of whether he deems such verdict the honest conclusion of the jury. In Yard v. Gibbons, 95 Kan. 802, 149 Pac. 422, the court said:

"There is a cross-appeal here in which the plaintiff insists that the court was not warranted in the reduction of the award made by the jury. She contends that, since the court expressly finds that the amount awarded was not the result of passion and prejudice, it was not warranted in setting up its judgment against that of the jury, and that the sum which she was coerced to remit should be restored. An approval of the verdict by the trial court was essential to the entry of a judgment, and it could not approve it unless, in its judgment, the testimony warranted it. *Evidently the court was satisfied with the findings of the jury to the effect that the defendant was negligent, and that, by reason of his negligence, a liability arose in favor of plaintiff, but it differed with the jury as to the extent of the injury and loss sustained.* It concluded that, while the jury was not influenced by passion or prejudice the award was, in his judgment, manifestly excessive. Although the assessment of damages is peculiarly within the province of a jury, and although a verdict should never be disturbed by the trial court merely because its judgment inclines the other way nor unless the verdict is clearly excessive, the court must nevertheless approve the award, and in doing so it cannot shirk responsibility, but should act on its own judgment. If it is satisfied that the evidence does not sustain the award of damages, it should either modify the verdict or set it aside."

As directly in point on this question, we quote the following from Smith v. Maddox-Rucker Banking Co., 135 Ga. 151, 68 S. E. 1031:

"The Court of Appeals certified to the Supreme Court the following questions:

" '(1) Has the judge of a trial court, upon a motion for a new trial containing the usual grounds and a further general ground that the verdict is excessive, the power to set aside the verdict in a case of libel, slander, or in other similar cases in which the sole measure of the damage is the enlightened conscience of the jury, when, in his opinion, the verdict is unreasonably too large, and there is nothing in the record to show that the verdict is the result of gross mistake or undue bias?

" '(2) Where the jury returns a verdict in a case of the kind mentioned above, and the trial judge sets it aside on the ground that, in his opinion, it is excessive, and it is the opinion of this court that the verdict is not so large as to raise the inference that it was the result of gross mistake or bias, or prejudice, is it proper that this court reverse the judgment of the trial court awarding the first grant of a new trial on this ground alone, there being undisputed evidence tending to show that the plaintiff is entitled to recover in some amount (see Holland v. Williams, 3 Ga. App. 636 [60 S. E. 331], and cases cited therein, and Brown v. Autrey, 78 Ga. 756 [3 S. E. 669], and cases cited) ?' * * *

"Beck, J. We are of the opinion that the rule announced in the case of Cox v. Grady, 132 Ga. 368, 64 S. E. 262, is comprehensive enough to embrace cases of the character of the instant case to which the certified questions relate. The ruling there announced answers in the affirmative the first and third questions, and requires an answer in the negative to the second question; and the scope of the discussion in the opinion and in the cases cited in the Cox Case render further argument unnecessary. We are satisfied with the reasoning in that case and in the case of Holland v. Williams, 3 Ga. App. 636, 60 S. E. 331."

We believe that our views are in harmony with the great weight of authority. Cables v. Bristol Water Co., 86 Conn. 223, 84 Atl. 928; Devine v. City of St. Louis, 257 Mo. 470, 165 S. W. 1014, 51 L. R. A. (N. S.) 860; Curtiss v. Starr & Co., 85 Cal. 376, 24 Pac. 806; City of Sedan v. Church, 29 Kan. 190; Dewey v. Railway Co., 31 Iowa, 374.

[3, 4] But, even if we should subscribe to the rule announced by the Minnesota court, it would avail appellant nothing. Such rule has no application to any determination of the amount of damages to be allowed, in so far as such amount may depend upon the existence of some one or more causes of action or elements of damages the existence of which is challenged by evidence; nor to any such determination, in so far as the amount thereof rests upon the nature or extent of an alleged injury the nature or extent of which is challenged by evidence. The existence of any cause of action or element of damages, as well as the nature and extent of damages as distinguished from the monetary measure of such damages, are matters in which the judgment of the jury must be based upon the evidence, and every verdict, in so far as it rests upon disputed facts, is subject to review by the trial court, regardless of any question of its being the result of passion and prejudice. A. sues B. for damages alleged to flow from personal injuries suffered through the negligence of B. A. claims two injuries as the result of the negligent act—one slight, the other severe. A verdict is rendered which is not so unreasonable in amount as to raise a presumption that it was the result of passion or prejudice, if in fact the jury found that A. suffered both injuries, and that both were the result of an accident chargeable to the negligence of B.; but such verdict is unconscionable in amount and so excessive as to indicate that it was the result of passion and prejudice, provided the jury found either that A. had not suffered the severe injury, or that it was not the result of the accident pleaded. No "opinion evidence" was introduced. A new trial is sought, and, upon a review of the evidence, either one or both of the following facts appears to the trial court to be established by a clear preponderance of the evidence, though there is evidence to the contrary which, if undisputed, would have warranted the verdict which was returned: (a) That B. was not guilty of any negligence; (b) that A. did not suffer the severe injury, or, if he did, that it was not the result of the accident complained of. In addition to the above it appears clear that, even though A. be conceded the right to recover for both injuries, the amount of such verdict is excessive, though not so excessive as to create a presumption that it was the result of passion and prejudice. Let the trial

court be of the opinion that it could not review the discretion exercised by the jury in its determination of the amount of damages to be allowed where the verdict was not so excessive as to raise a clear presumption that it was the result of passion and prejudice; must, then, the trial court refuse a new trial if it finds the facts to be as stated in either or both "a" and "b" above, unless it also finds that such verdict was the result of passion and prejudice? It is apparent that, under "a," the trial court might conclude: (1) That the jury honestly, but erroneously, found B. guilty of negligence; (2) that the jury found B. not guilty of negligence, but misunderstood the instructions of the court advising it to find in B.'s favor in such event; (3) that the jury found, in accordance with the weight of evidence, that B. was not negligent, and understood the court's instructions, but that it was influenced by passion and prejudice, and its verdict resulted solely therefrom. Under No. 3 it would be conceded that a new trial could be granted. But justice requires a new trial as much if the court concludes the facts to be those set out in 1 or 2. Under "b" the trial court might conclude: (4) That the jury honestly, but erroneously, found that B.'s negligent act caused the severe injury; (5) that the jury found, in accordance with the weight of evidence, that B.'s negligence caused only the slight injury, and that the excessive verdict was the result of passion and prejudice. Under 5 it would be conceded that a new trial could be granted. Should it be denied under 4? The "Blind Goddess" would certainly be unable to see wherein it would be justice to B. to grant a new trial under facts 3 and 5 and deny it under 1, 2, and 4. It is therefore clear that, even though the rule announced in Mohr v. Williams, supra, should be recognized as correct, it should be limited in its application to the right to review but one thing, the amount of damages allowed on undisputed facts.

[5] Therefore, even if we were to adopt the rule announced in Mohr v. Williams, it does not follow that we must hold that the trial court could not set aside this verdict as excessive, even though he did not believe such verdict to be the result of passion or prejudice, where such excess resulted, in his opinion, not from the jury allowing too much damages for some one or more items of injury pleaded where the evidence sustains some damages, but

resulted from the jury allowing damages for items of injury which items the court found not to have been established. A glance at the complaint shows that the allegations as to damage are contained in paragraphs 3 and 4. In paragraph 3 there is a claim of $20,000, and in paragraph 4 one of $1,013.50. Respondent, in his statement of the particulars wherein the evidence was insufficient to support the verdict, contended that there was no evidence to prove the several items of injury set forth in paragraph 3; and he contended that there was no evidence to prove malice, without which malice there could be no punitive damages based upon any compensatory damages which the jury might have allowed under said section 3. Respondent in no manner questioned appellant's proof of compensatory damages for the wrongs set forth in paragraph 4, the $1,013.50. Respondent contends that appellant failed to establish any right to compensatory damages under paragraph 3, because there was no evidence to establish that she "was injured in her good name among her friends and associates and humiliated and disgraced in the opinion of her friends and associates."

We thus have a case where it is contended that the jury gave a verdict that was excessive because including too many items of injury and an unsupported allowance of punitive damages, and not one excessive because it allowed too much on any one item of injury established by the evidence.

While respondent might have submitted to the trial court the question of whether the jury were influenced by passion or prejudice, and, if he had, would have been entitled to a new trial upon the record before us, he saw fit not to raise that question, but to submit to the court the sole question of whether, under the whole record, in the opinion of the trial court, such verdict was supported by the evidence.

[6, 7] In determining whether the trial court abused its discretion in the granting of the new trial, we must view the evidence, not most favorably to the verdict, as we would if the verdict had been sustained, but most favorably to the conclusion reached by the trial court, as, in weighing the sufficiency of the evidence to support the allegations of injury suffered and of malice, the trial court was just as free as was the jury to determine where the weight of evidence was. It is clear that the trial

court, if it believed the evidence on behalf of respondent, and not that on behalf of appellant, where such evidence conflicted (and for the purposes of this appeal we are bound to presume it did so believe), could only find that the facts were as contended for by respondent. Under no view of the evidence could the trial court or the jury rightfully find compensatory damages to any material amount for the injuries pleaded in paragraph 3, there being absolutely no evidence to show that appellant "was injured in her good name among her friends and associates," or that she was "humiliated and disgraced in the opinion of her friends and associates"; for all the evidence shows she still stands as she formerly did in the estimation of such friends and associates. Appellant did not allege that she herself suffered any shame or felt any disgrace. It is urged that the invasion of the home was the most serious element of damages. Conceding that to be so, no one would claim that the whole $20,000 was awarded for that wrong. Furthermore, there is no claim of damages based upon the invasion of the home other than that for injury to the property, for physical injury to appellant, and for the injuries set forth in the above quotations.

[8] This court has most clearly announced what malice must be proven as a basis for punitive damages (Baxter v. Campbell, 17 S. D. 475, 97 N. W. 386):

"In order to justify the imputation of malice, within the rule of punitive damages, the injury must have been conceived in a spirit of mischief, and partake of a criminal or wanton nature. City of Chicago v. Martin [49 Ill. 241] 95 Am. Dec. 590, and cases cited in the notes. As applied to torts, an act, in order to be malicious, must be wrongful, and intentionally done, with an evil mind, and a wish to injure another. Bouvier's Law Dict.; Pickett and Wife v. Creek, 20 Wis. 358. * * * Our state provides for exemplary damages only as a means of punishment 'when the defendant has been guilty of oppression, fraud or malice, actual or presumed.' Rev. Civ. Code § 2292. Malice is defined to be a 'wicked intention to do an inpury.' 'In trespass, when the injury has been wanton or gross and outrageous. Not merely the doing of an unlawful or injurious act, but an act conceived in a spirit of mischief or of criminal indifference to civil obligation.' Anderson's Law Dict."

[9]   There certainly can be no question but that, if the trial court believed defendant, and it had the right so to do, such court could only reach the conclusion that there was no malice, and therefore plaintiff was entitled, at the most, to compensatory damages only.   Upon this question of proof of malice as well as upon the other matters discussed above we quote from Domico v. Casassa, 101 Cal. 411, 35 Pac. 1024, the italicizing being ours:

"The granting or denying a new trial on the ground that the evidence is insufficient to justify the verdict, where there is a substantial conflict in the evidence, rests so fully in the discretion of the trial court that *its action is conclusive upon this court, unless it appears that there has been an abuse of such discretion;* and it is immaterial whether the evidence is insufficient to sustain all or only a portion of the issues on which the judgment must depend.   Whether the acts of the defendant were accompanied by oppression, fraud, or malice, so as to authorize the giving of exemplary damages, was a fact to be determined by the jury from the evidence before it, and upon this point there was a substantial conflict of evidence.   *The order of the judge granting a new trial shows that in his opinion the evidence was insufficient to show that there had been any fraud,* oppression, or malice on the part of the defendant.   The cases cited by the appellant in which this court has refused to interfere with the verdict of a jury were cases in which the trial court had itself refused to grant a new trial or to reduce the verdict.   The same principle which precludes an interference by this court in such cases applies when the trial court has granted a new trial, either absolutely or conditionally. If there is no evidence upon an issue which is essential to the judgment, a verdict or finding upon such issue is an error of law which may be reviewed by this court ('Mason v. Lord, 40 N. Y. 484; Conely v. McDonald, 40 Mich. 150) ; but, if the verdict or finding is made upon a conflict of evidence, the sufficiency of the evidence therefor is a question of fact, *which the trial court is authorized to review, and, if in its opinion the verdict is against the weight of the evidence, it is its duty to set it aside* (Dickey v. Davis, 39 Cal. 569; Sherman v. Mitchell, 46 Cal. 577; Irving v. Cunningham, 58 Cal. 306; Curtiss v. Starr, 85 Cal. 376 [24 Pac. 806] ; Bjorman v. Fort Bragg R. Co., 92 Cal. 500 [28 Pac. 591]).   *Its action in so doing is the exercise of a legal discretion,*

*but is not an error of law which can be reviewed by this court.* Breckenridge v. Crocker, 68 Cal. 403 [9 Pac. 426] ; Nally v. McDonald, 77 Cal. 284 [19 Pac. 418] ; Townsend v. Briggs, 88 Cal. 2;0 [26 Pac. 108] ; Crooks v. Miller, 89 Cal. 35 [26 Pac. 615]."

The order of the trial court is modified to the extent that a new trial be denied if plaintiff will accept a judgment of $1,013.50. As so modified, it is affirmed, with costs.

GATES, P. J. (dissenting). The evidence tended to show that plaintiff was a resident of the town of Henry, in Codington county; that on August 17, 1914, her husband was arrested upon the charge of unlawfully engaging in the business of selling intoxicating liquors; that a quantity of beer was taken from their home by the sheriff at the time of the arrest; that in the evening of that day defendant, a resident of Henry, telephoned the sheriff at Watertown and asked if the sheriff got a little black grip at Gamble's containing whiskey; that the sheriff replied in the negative, and told defendant to get Mr. Ring, the deputy sheriff at Henry, "and go up and see if you can get it"; that defendant said, "You have got a warrant, ain't you?" that the sheriff replied that he had a warrant for John Gamble, but had no search warrant; that Deputy Ring had no search warrant; that Ring went to the Gamble house with defendant at defendant's request; that they were refused admission to the house by plaintiff, who thereupon locked the door; that defendant thereupon broke in the door and entered the house; that plaintiff threw a spittoon at him; that defendant ordered Ring to arrest and handcuff plaintiff; that the deputy attempted to arrest her, and she struck him with a tobacco box; that defendant and Ring finally overpowered her and dragged her out of the house, with her little daughter screaming and crying behind her; that defendant went back in the house and got the grip; that defendant and Ring then dragged and forcibly took her through the streets of Henry to the police station, where they confined her until defendant telephoned to the state's attorney; that defendant returned after about 15 minutes and told plaintiff she could go home if she would behave; that she went home in bad physical condition, her arms and body being bruised and lame for several days thereafter; and that she incurred and paid a physician's bill of $13.50. Plaintiff testified:

"After that night I could not sleep. The least noise or any one coming in or rapping on the door in the daytime, I just fly all to pieces and get to trembling. I have never seen a night's rest since that time. * * * Sometimes I do not eat a thing for three or four days. Before that I could eat and take some rest, and since that time there has been no rest for me. * * * I have gone out very little since then. Any one that would be taken and degraded before the public, I think she should have some proof that it was deserved. If I am degraded that low, I do not want to associate with people and degrade them. I have only gone out since then where I had particular business."

One of the most sacred rights safeguarded in our Constitution is:

"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures shall not be violated." Const. art. 6, § 11.

The forcible entry by defendant into plaintiff's house, without a search warrant, and his treatment of plaintiff, certainly amounted to a flagrant violation of that constitutional right.

There is positively nothing in the record to show passion or prejudice by the jury, unless such can be inferred by the size of the verdict. In considering the question of compensatory damages solely, this court, in Davis v. Holy Terror Mining Co., 20 S. D. 399, 107 N. W. 374, said:

"Within the limits of compensation for proximate detriment the amount recoverable must depend upon the circumstances of each peculiar case, and is left to the good sense and discretion of the jury. In making the estimate the jury should take into consideration the age and condition in life of the plaintiff, the physical injury inflicted, the bodily pain and mental anguish endured, all expenses incurred in the treatment of the case, and any and all damages which it may appear from the evidence have resulted or will result from the injury. Whether the injury is temporary or permanent, and whether a capacity to earn money has been reduced by the accident, may also be taken into consideration. 13 Cyc. 137. And when the amount has been so ascertained it must stand, though the court might, as a juror, have awarded a different sum. But the estimate must express the honest judgment of fair-minded men, and if the recovery is

so excessive as to clearly indicate that it was given under the influence of passion or prejudice, a new trial should be granted in order that the estimation may be made by a competent tribunal. * * * It must also be presumed that the jurors were free from passion and prejudice unless there is sufficient difference between the verdict and the amount of recovery warranted by the evidence to compel the conclusion that the action of the jury was influenced by improper motives."

If this cause presented simply the question of compensatory damages, it is certain that we should be obliged to infer passion or prejudice of the jury because of the size of the verdict, but this cause also presents the question of exemplary or punitive damages in addition to those compensatory.

Section 2292, C. C., provides:

"In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

Upon the former appeal this court said:

"But the complaint alleges that the wrongful acts complained of were done maliciously, and the action is undoubtedly one in which exemplary or punitive damages may be awarded by the jury."

Upon the trial the court properly instructed the jury in relation to exemplary damages. If the jurors believed the evidence on the part of the plaintiff, they were warranted in concluding that defendant was "guilty of oppression or malice," and in adding to the amount of compensatory damages such sum as in their proper discretion would inflict adequate punishment upon defendant. The evidence, properly admitted under the claim for exemplary damages, tended to show that defendant was worth between $160,000 and $200,000. In view of the evidence in this particular case, can it be said, solely because of the amount of the verdict, that compensatory and exemplary damages aggreagting $21,013.50 were given by reason of the passion or prejudice of the jury? I do not think so. The jury had a large discretion in determining the amount of compensatory damages. 8 R. C. L. 673. It also had a large discretion in determining

what sum by way of exemplary damages would amount to proper punishment of defendant. 8 R. C. L. 680. In Bogue v. Gunderson, 30 S. D. 1, 137 N. W. 595, Ann. Cas. 1915B, 126, this court said:

"One of the statutory grounds for granting a new trial is 'excessive damages, appearing to have been given under the influence of passion or prejudice.' Rev. Code Civ. Proc. § 301. Great latitude is allowed in this class of cases. One purpose of exemplary damages is to deter the person against whom they are awarded from repeating the offense and others from committing it. An amount sufficient to serve this purpose in one instance might be wholly inadequate in another. Each action must be governed by its own peculiar facts. The social standing of the parties, the place where the assault occurs, the character of the persons present, the provocation, if any—all the circumstances— are to be considered. The question is not whether the trial court or this court, as triers of fact, would have awarded a less amount. Unless the verdict is so large as to clearly indicate that it must have been given under the influence of passion or prejudice, it should stand."

It has been held that the amount of exemplary damages must bear a reasonable relation to the amount of actual damages recovered. It has also been held that the exemplary damages must bear some relation to the injury and the cause thereof. It has also been held that the amount of exemplary damages must be proportioned to the injury intended rather than that done. Under the first rule it is observed in Sutherland on Damages (4th Ed.) p. 1312, that where punitive damages have been eight times the actual damages recovered, the verdicts have been set aside. In this case there was no division of the verdict between the two kinds of damages, but if there had been, and the compensatory damages had been fixed, for instance, at $3,000, I do not believe that under either rule we would be warranted in holding that such verdict showed passion or prejudice of the jury, nor a verdict for exemplary damages for the difference between that sum and the amount recovered. In Union Mill Co. v. Prenzler, 100 Iowa, 540, 69 N. W. 876, a verdict of $170.06 compensatory damages and $5,000 exemplary damages for wrongful attachment of property was sustained, and in that opinion the court said that

a verdict for exemplary damages will not be set aside as excessive except in extreme cases. In the recent case of Eller v. Lord, 36 S. D. 377, 154 N. W. 816, we declined to set aside a verdict of $25,000 as excessive. I do not believe the present case to be an extreme case. After most thoughtful consideration of this appeal and the enormity of defendant's offense, I am unable to conclude that the jury exceeded that "flexible limit of judgment" which is committed to it in cases of this kind. Consequently I am unable to conclude that the trial court acted within its proper discretion in setting aside the verdict, even conceding that the question was one addressed to the discretion of the trial court, and therefore subject to the same rule as in the case of insufficiency of the evidence, viz: That the action of the trial court will not be disturbed except for abuse of discretion.

    I therefore think that the order granting a new trial should be reversed.

    SMITH, J., concurs in the dissent.