[Civ. No. 17229.   Second Dist., Div. Two.   Dec. 9, 1949.]

ALICE F. HALPERIN, Respondent, v. WALTER GUZZARDI, Appellant.

Zagon, Aaron & Sandler and 'Albert Levitt for Appellant.

Lyman A. Garber for Respondent.

MOORE, P. J.—The question for decision is whether there was an abuse of discretion in granting the motion for a new trial.

On February 19, 1946, appellant and his wife Carolyn were owners of Lot 8 of a tract in Beverly Hills. On that day appellant executed his acceptance of respondent's offer of $42,-500.00 for the property. Fifteen hundred ($1,500) dollars were paid with the offer whereby respondent promised to pay the further sum of $13,500 to execute a trust deed and note for $10,500 and to take the property subject to a first mort-

gage. The offer was written in triplicate on the "Standard Form Deposit Receipt," one copy of which was retained by respondent while the other two were presented by appellant's brokers, Prindle and Campbell, to him. After signing the attached acceptance in duplicate, appellant kept one and handed the other to Campbell who thereafter assisted respondent to open an escrow with a responsible bank where she, in conformance with her offer signed the necessary papers and deposited the amount she was required to pay under the contract. Appellant never signed the escrow instructions or delivered a conveyance of the title or otherwise attempted to carry out his agreement. He testified that when he signed the acceptance, he instructed Campbell not to deliver it to respondent until Carolyn had signed it. Although the latter did not sign the writing, Campbell notified respondent of appellant's acceptance and delivered the third copy to the escrow. Upon appellant's refusal to convey Lot 8 to her, she instituted an action for specific performance.

Upon respondent's discovery that the title stood in the names of appellant and his wife as joint tenants, that suit was dismissed without prejudice and this action was commenced to recover damages for breach of contract. The trial court made findings that (1) appellant subscribed his name to a writing such as hereinabove described and delivered it to his own agent to be held until such time as Carolyn agreed to join in the execution thereof; (2) she never signed the instrument; (3) the writing with appellant's signature was never delivered to respondent or her agent; (4) appellant refused to give respondent a deed to Lot 8; (5) appellant did not act in bad faith in such refusal, but acted in good faith; (6) he was "under no obligation to deliver a deed to plaintiff"; (7) "plaintiff was not damaged in . . . any sum or at all by any act, conduct or omission on the part of the defendant." The court concluded that there was no agreement between respondent and appellant for the sale of Lot 8 or any interest therein.

Judgment was duly entered on December 27, 1948, awarding appellant his costs. Thereafter, notice of intention to move for new trial upon the statutory grounds was served and filed. By reason of the fact that the judge who had presided at the trial had terminated his assignment by the Judicial Council to serve on the court below, the hearing of the motion was transferred to department 34 of that court where

it was heard by another judge who entered an order granting the motion. From such order comes this appeal.

To justify such decision it is necessary now to ascertain whether there was such a substantial error committed by the trial judge as would warrant his successor granting a new trial. To this end it is observed that by her offer and its acceptance and by her compliance with all its terms nothing remained for respondent to do to be entitled to a conveyance. Inasmuch as the decision as to whether the successor judge abused his discretion revolves about the question as to whether the evidence shows there was or was not executed a contract of purchase and sale, it became necessary for him to consider the evidence in its entirety.

Viewed from the standpoint of a nisi prius court the preponderance of the proof indicates that appellant unqualifiedly accepted the offer of respondent. Upon receiving two copies of the offer signed by respondent, the brokers proceeded to the home of appellant to obtain his acceptance. Both brokers testified that there was no reservation with respect to the delivery of the acceptance to respondent. While the trial court found that Guzzardi testified he told the brokers to hold the writing until after he had talked further with Carolyn, the contradictory testimony of the two brokers in conjunction with appellant's acts in trying to be released from the sale agreement and in refusing to join in the escrow was reasonably sufficient to induce the successor judge to conclude that a new trial should be granted. It is not reasonable to believe that such request as was made of the brokers to "help him get out of the deal" would have been made if appellant had not authorized the delivery of a copy of his acceptance to respondent or had not acquiesced upon learning of such delivery. In the absence of indisputable proof of a reservation by appellant the contract of sale was complete when he returned the acceptance with his signature to the brokers.

The fact that a promise to sell was given may be shown by any words or acts which indicate assent and even an offer accepted in silence may be sufficient to bind the alleged offeree. (*Wood* v. *Gunther*, 89 Cal.App.2d 718, 730 [201 P.2d 874]; Rest., Contracts, § 52, b.) Appellant's inaction on learning that Mr. Campbell and respondent had opened an escrow and that she had deposited in the escrow so huge a sum is especially significant. Under such circumstances, if he had not actually consented to a delivery of the executed acceptance a reasonably honest person would have rebuked the broker

and have advised the purchaser of the alleged reservation. Also, if he had not intended a consummation of the deal he would not have kept one of the two copies he had signed and have returned the other to the broker. A reasonably prudent man would have kept both for his wife's subscription.

Appellant complains that the successor judge ignored the findings before him. On considering the motion for a new trial the judge to whom the motion is addressed is not bound by either verdict or findings. It is his duty to review the record of the trial and, if he then concludes that a fair trial was not had, he must grant the motion even though there is substantial evidence to support the findings. He stands in the shoes of his predecessor in the case and has the same power and is charged with the same duty with respect to weighing the evidence and in granting or denying the motion as was vested in the judge who tried the case. (Code Civ. Proc., § 662; *Woods* v. *Walker*, 57 Cal.App.2d 968, 972 [136 P.2d 72]; *City of Long Beach* v. *Wright*, 134 Cal.App. 366, 372 [25 P.2d 541].) The successor judge pertinently observed that the finding that no damage had been sustained by respondent was derived from the erroneous theory that she was necessarily bound by her allegation of value in the specific performance complaint. This is a totally different lawsuit and testimony of witnesses other than respondent may be received. (See *Telefilm, Inc.* v. *Superior Court*, 33 Cal.2d 289 [201 P.2d 811].)

Finally, following the trial of the action, the court omitted to make a finding upon a material allegation of the defendant's answer, to wit, that by reason of the allegations in the specific performance case, the sustaining of a general demurrer and the consequent judgment of dismissal the issues in the instant action "are now res judicata." This is an allegation of fact, impliedly denied and required a finding. By reason of the court's failure to make such finding the successor judge might well in the exercise of a sound discretion have granted a new trial.

Order affirmed.

McComb, J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 2, 1950.