[Civ. No. 17466.   First Dist., Div. Two.   July 30, 1957.]

HELEN L. KERSHNER, Appellant, v. RALPH MORGALI
et al., Respondents.

Costello & Johnson and Kenneth Johnson for Appellant.

Pasquinelli, O'Connor & Panelli and Timothy A. O'Connor for Respondents.

DRAPER, J.—This action for fraud in the exchange of real estate was tried to the court, sitting without a jury, and plaintiff recovered judgment.   Defendants San Felippo moved for new trial.   The judge who had tried the case died before the hearing, and the motion was heard by Honorable Edwin J. Owens, who granted a new trial as to the issue of damages only, upon the ground of the insufficiency of the

evidence to support the judgment. Plaintiff appeals from this order granting new trial.

Even though the judge passing upon a motion for new trial did not try the case, his power and discretion is as broad as though he had himself been the trial judge. This is true whether the case is tried with a jury (*Woods* v. *Walker*, 57 Cal.App.2d 968 [136 P.2d 72]) or by the court without a jury (*Halperin* v. *Guzzardi*, 95 Cal.App.2d 31 [212 P.2d 9]).

Here the evidence as to damages was in substantial conflict. Each side called but one expert on land values. The witness called by appellant valued the land conveyed by respondents to appellant at $20,000 (leaving a net, after incumbrances, of $5,650). Respondents' expert testified that the value was $85,000. The trial court accepted the lower figure, and gave judgment accordingly. Neither expert's testimony indicates high qualification to appraise this land.

Further, the record shows that the witness called by appellant failed to provide any detailed appraisal of the equipment which was transferred to appellant with the land, had "just a very, very sketchy look" at the equipment, and had even that look two years after the transfer to appellant, and at a time when much of the equipment had been left standing in the open for a substantial time. This factor alone is sufficient to warrant the new trial upon the issue of damages, and we do not extend this opinion by detailing other weaknesses in the testimony of this expert.

Appellant also asserts that the judge passing upon the motion for new trial considered as evidence statements of respondents' counsel as to sale of the same land at foreclosure had after trial. It is true that respondents' counsel, in written memorandum and in oral argument, urged such asserted sale as a ground to be considered on the motion for new trial. It is also true that neither testimony nor affidavit supports these assertions of counsel. They were wholly outside the record, and should not have been referred to in any argument. However, there is nothing whatever to indicate that the judge who granted the new trial did consider this argument in reaching his conclusion. Some objection was made to respondents' argument, and the judge did not specifically order this portion of the argument stricken. He had not yet read the transcript of testimony at the trial, but planned to do so on submission of the motion. Thus his failure to strike or to curtail the argument in no way indicates that he considered it.

Rather, it shows a commendable desire to permit all argument claimed to be relevant, reserving determination of its competency until he had reviewed the transcript to find whether the contention was based on the record. It would be wholly unwarranted for us to assume that this able trial judge, when he familiarized himself with the record of the trial, considered anything outside it in reaching his conclusion. Even if the situation were not so clear, the presumption of proper exercise of judicial discretion in granting this motion would require affirmance. (*Crooks* v. *Miller*, 89 Cal. 35 [26 P. 615]; *Prout* v. *Perkins*, 21 Cal.App.2d 343 [69 P.2d 194].)

Order affirmed.

Kaufman, P. J., and Dooling, J., concurred.