SCHOOF, Respondent, v. HOAGLAND, Appellant.

(183 N. W. 132.)

(File No. 4822.   Opinion filed June 2, 1921.)

**Appeal—Sufficiency of Evidence—Conflicting Evidence Warranting Different Conclusions by Different Persons, Non-error in Granting New Trial.**

Where the evidence to sustain verdict was of such conflicting nature that different persons might reasonably have drawn different conclusions therefrom, order granting new trial will not be reversed.

Whiting, J., and Polley, P. J., dissenting.

Appeal from Circuit Court, Potter County.   Hon. JOSEPH H. BOTTUM, Judge.

Action by William Schoof, against F. E. Hoagland, to recover a commission on alleged sale of realty.   From a judgment for defendant, and from an order granting a new trial, defendant appeals.   Affirmed.

*Jean F. Sargent* and *Sutherland & Payne,* for Appellant.

*O'Keefe & Auldridge,* for Respondent.

McCOY, J.   Action to recover commissions on alleged sale of real estate.   Verdict for defendant.   From an order granting a new trial the defendant appeals.

The motion for new trial, among other things, was based on the insufficiency of the evidence to sustain the verdict.   We are of the view that the evidence to sustain the verdict was of such a conflicting nature that different persons might reasonably have drawn different conclusions therefrom.   Under such circumstances the order granting a new trial should not be reversed.

Finding no error in the record, the order appealed from is affirmed.

WHITING, J. (dissenting.)   It is well settled in this state that, where the evidence is conflicting so that from it different persons might reasonably draw different conclusions, there is vested in the trial court a discretion as to granting a new trial, which discretion will be fully recognized on appeal.   Gamble v. Keyes, 39 S. D. 592, 166 N. W. 134.   However, in this case there is to be found no conflict of evidence—not a single particular wherein there is a dispute—and respondent has not suggested that the ruling of the trial court should be sustained on the ground that such ruling was an exercise of discretion based on

conflict of evidence.    His contention is that it should be sus-
tained on the grounds set forth in his specifications of error,
being the grounds upon which he based his motion for new trial,
namely, that the evidence was insufficient, in certain essentials,
to support the court's direction of verdict.    While, in case of a
conflict in the evidence, a trial court is vested with discretion in
granting or refusing a new trial, where the evidence is insuf-
ficient to support some essential element of a cause of action or
defense, there is vested in the trial court no discretion as to
what his ruling shall be upon a motion for new trial.

The contract between these parties was evidenced by corres-
pondence had between them; and respondent in his brief very
frankly says:

"The sole issue on this appeal is whether the defendant
could, without liability to the plaintiff, sell his land through an-
other agent, within the period of time stated in plaintiff's con-
tract, in which the plaintiff had the right to make sale of de-
fendant's land."

Appellant contends that the contract did not give respondent
the exclusive right to sell, and that he rightfully refuses to pay
the commission or damages prayed for because, prior to the time
when respondent advised him of the sale he claims to have made,
another of his agents had sold this land.    One of my colleagues
suggests that the evidence is insufficient to prove that such a sale
had been made prior to the time respondent made and reported
his sale.    If my coleagues are satisfied that such is the fact, they
should base their decision thereon, and not on the ground of a
conflict in evidence where no conflict exists.    I would, however,
suggest that the burden of proof rests upon respondent.    He
pleaded that he found a purchaser ready, able, and willing to
buy this land.    There is no evidence that such "purchaser" was
able to meet the cash payment which, under his contract with
respondent, had to be made upon delivery of deed.    Because of
this failure of proof, the direction of verdict should have stood;
but in any case, if a new trial is to be granted, this court should
now determine that which respondent contends is the sole issue—
whether his contract with appellant gave him the exclusive sale
of this land.

POLLEY, P. J., concurs in the dissenting opinion.